Betty Jeanne STEARNS and Howard Lavelle Sutton, Appellants,

v.

The HERTZ CORPORATION, a corporation, Appellee.

No. 17291.

United States Court of Appeals Eighth Circuit.

Jan. 14, 1964.

Allen H. Surinsky, Clayton, Mo., for appellants.

John J. Shanahan, St. Louis, Mo., James E. Crowe, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HANSON, District Judge.

BLACKMUN, Circuit Judge.

The plaintiff Betty Jeanne Stearns was seriously injured in the early morning of January 4, 1956, when the automobile in which she was a passenger turned over. The car was being driven by the plaintiff Howard L. Sutton, was own-

ed by the defendant Hertz Corporation, and had been rented by Hertz to Sutton that morning. The rental agreement was signed and the accident occurred in Illinois. It is conceded that the law of that state governs.

Miss Stearns sued Sutton in a Missouri state court. He called upon Hertz and its insurer to defend. They refused. Sutton thereupon retained his own counsel and defended the action. Miss Stearns obtained a judgment against him for $18,000. She and Sutton, asserting that Hertz is liable for the amount of her judgment, then together brought the present diversity action against Hertz. The trial court decided in favor of the defendant. Its memorandum opinion is reported at 211 F.Supp. 506. The plaintiffs have appealed.

The plaintiffs argue here that the trial court erred (a) in not holding that the presence in the Hertz insurance policy of a clause excluding coverage for bodily injury sustained by a passenger in the rented car violated the applicable Illinois statute; (b) in not holding that an implied contract existed by which Hertz was bound to furnish coverage for bodily injury to an occupant; and (c) in not holding that the exclusionary clause was against public policy and therefore void and unenforceable.

Judge Harper's opinion sets forth the pertinent facts and the reasons underlying his conclusions. We can add little to what he has already said. We treat only the particular emphases made on the appeal.

1. The state statute. In effect at the time of the accident was an Illinois statute, now found as § 8–114, Ch. 95½, Smith-Hurd Illinois Annotated Statutes. We quote it by footnote.[1] The agreement by which Sutton rented the car from Hertz contained provisions, pertinent here, which are also set forth in the margin.[2] Judge Harper concluded, p..

---

1. "§ 42e. It is unlawful for the owner of any motor vehicle to engage in the business * * * of renting out such motor vehicle, to be operated by the customer, unless * * * there is in full force and effect * * *

"(1) A motor vehicle liability policy * * * providing that the insurance carrier will pay any judgment within thirty days after it becomes final, recovered against the customer * * * for damage to property other than to the rented motor vehicles, or for an injury to, or for the death of any person, not an occupant of the rented motor vehicle, resulting from the operation of the motor vehicle, provided, however, every such policy provides insurance insuring the operator of the rented motor vehicle against liability imposed by law upon such insured for bodily injury to, or death of any person or damage to property to the amounts and limits as provided under Section 42–11 of this Act. * * * or

"(2) A motor vehicle liability bond, conditioned that the owner of motor vehicle will pay any judgment within thirty days after it becomes final, recovered against the customer * * * for damage to property other than to the rented motor vehicle, or for an injury to, or for the death of any person not an occupant of the rented motor vehicle, resulting from the operation of the motor vehicle, pro-

vided, however, every such bond is in the penal sum of eleven thousand dollars ($11,000.00) and is conditioned for payment in amounts as would be required in a motor vehicle liability policy as provided in Section 42–11 of this Act."

2. "(4) Renter being one of the assured under the insurance policy covering said vehicle agrees to comply with all the terms and conditions of said policy, which by reference thereto are incorporated herein and made a part thereof, and to comply with the terms and conditions appearing on reverse side hereof.

"(5) Renter further expressly agrees to indemnify the Insurance Company for any and all loss, damage, cost and expense paid or incurred by the Insurance Company because of injuries or damages sustained by occupants of said vehicle, in states where the law makes Hertz or its Insurance Carrier liable for injuries to occupants of said vehicle or because of injuries or damages resulting from the operation of said vehicle in violation of any of the terms and conditions appearing on the reverse side hereof.

* * * * *

"SEE REVERSE SIDE"
On the reverse side of the contract as printed was the following:
"The renter of the automobile described on the reverse side hereof participates.

508 of 211 F.Supp., that a casual reading of the statute indicated that Hertz need only provide insurance covering persons "not an occupant of the rented motor vehicle"; that the absence of this quoted phrase from the proviso clause of sub-section (1) does not, because of absurd results which would otherwise ensue, indicate a legislative intent to require coverage of any person; and that the omission of the phrase in the proviso was unintentional.

The plaintiffs call to our attention here the fact that the proviso clause of sub-section (1) was added to the statute by an amendment in 1947. It is then argued that this was a deliberate and separate change; that, despite the exclusion of coverage for occupants under the primary clause of sub-section (1) and under sub-section (2), the statute must now mean what it says, namely, that insurance as to any person must be provided; and that the 1947 amendment thus extended the coverage to, specifically, injuries for which the renter was liable but which the injured party could not collect.

We do not agree. We may accept the plaintiff's premise that a motor vehicle responsibility statute usually represents the public policy of a state and points to a liberal interpretation of insurance requirements and coverages. New York Cas. Co. v. Lewellen, 184 F.2d 891, 894 (8 Cir. 1950); Chatfield v. Farm Bureau Mut. Auto. Ins. Co., 208 F.2d 250, 256 (4 Cir. 1953); see People of Illinois ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E. 2d 588, 592 (1957). But the reasons mentioned by Judge Harper for his conclusions as to this defective statute, contrary to the plaintiffs' contentions, are inescapable, viz., (a) that a statute's proviso clause is generally restrictive and not extending, Anderson v. City of Park Ridge, 396 Ill. 235, 72 N.E.2d 210, 218–

219 (1947); Illinois Chiropractic Soc'y v. Giello, 18 Ill.2d 306, 164 N.E.2d 47, 51 (1960); (b) that it would be illogical if sub-section (1) were to require that judgments be satisfied within thirty days except those involving an injury to a passenger; and (c) that sub-section (2) relating to the alternate liability bond clearly excludes passenger coverage and it would make no sense to conclude that sub-section (1) relating to liability insurance requires broader protection. "Courts are bound to presume that absurd consequences were not contemplated by the legislature * * *". Board of Education, etc. v. Brittin, 11 Ill.2d 411, 143 N.E.2d 555, 557 (1957); Illinois Chiropractic Soc'y v. Giello, supra, p. 51 of 164 N.E.2d. Further, it seems obvious to us that this proviso, with its reference to § 42–11, was concerned only with amounts of coverage; the words which the 1947 amendment replaced were themselves concerned only with coverage limits.

Next, we do not interpret the statute's references to § 42–11 (now succeeded by § 7–317, Ch. 95½, Smith-Hurd Illinois Annotated Statutes) as imposing the omnibus coverage requirements of the Illinois Safety Responsibility Law upon Hertz's rental agreements. The plaintiffs' apparent suggestion to the contrary is answered by Gabler v. Continental Cas. Co., 295 S.W.2d 194 (Mo.App.1956), the holding in which was approved in State Farm Mut. Auto. Ins. Co. v. Ward, 340 S.W.2d 635, 638 (Mo.Sup.1960). Although Gabler was decided by a Missouri court, the accident in controversy occurred in Illinois. The car rental policy had a passenger exclusion. The Illinois as well as the Missouri law was reviewed. The court held that the Illinois Safety Responsibility Law was not applicable because the rental contract was executed prior to the accident; that the parties

in the benefits of an automobile public liability and property damage insurance policy subject to the terms, conditions, limitations and restrictions thereof and is bound by such terms, conditions, limitations and restrictions even though all of them are not outlined in this rental agreement. Said policy does not cover the renter or driver for injuries sustained by passengers or guests or any person while riding in or alighting from or getting into or on said vehicle * * *."

were free to contract for insurance which excluded liability to a passenger; and that the exclusion was plain, unambiguous, and enforceable. Interestingly enough, the court noted, footnote 1, p. 196 of 295 S.W.2d, the exclusion of passenger liability in the Illinois car rental insurance statute. This approach is entirely consistent with the Illinois decisions. McCann for Use of Osterman v. Continental Cas. Co., 6 Ill.App.2d 527, 128 N.E.2d 624, 626–627 (1955), aff'd 8 Ill.2d 476, 134 N.E.2d 302 (1956); Pohlman v. Universal Mut. Cas. Co., 12 Ill.App.2d 153, 138 N.E.2d 848, 850; Stollery Bros. v. Inter-Insurance Exchange, 15 Ill.App.2d 179, 145 N.E.2d 768, 770–771 (1957); Porterfield v. Truck Ins. Exchange, 28 Ill.App.2d 195, 171 N.E.2d 108, 110 (1960).

The plaintiffs' suggestion that a "possible explanation" of the 1947 amendment was the legislature's desire to bring the statute into line with the state's guest statute, § 42–1 (now § 9–201, Ch. 95½), authorizing recovery by a passenger against a driver in a situation of causative, wilful and wanton misconduct is supported by no authority. It is speculative and has no merit. See Johnson v. Universal Auto. Ins. Ass'n, 124 So.2d 580, 582 (La.App.1960).

Plaintiffs' attempt to buttress their statutory purpose argument with a state legislator's affidavit produced for the first time in an appendix to their appellate reply brief is of no consequence. In addition to serious questions of admissibility and of persuasiveness, Eddy v. Morgan, 216 Ill. 437, 75 N.E. 174, 178 (1905); Lubezny v. Ball, 322 Ill.App. 78, 53 N.E.2d 988, 993 (1944), reversed on other grounds 389 Ill. 263, 59 N.E.2d 645 (1945); see FTC v. Anheuser-Busch, Inc., 363 U.S. 536, 553, 80 S.Ct. 1267, 4 L.Ed.2d 1385 (1960) and United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 349, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963); cf. Kansas City, Mo. v. Federal Pac. Elec. Co., 310 F.2d 271, 280 (8 Cir. 1962), cert. denied 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 and 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 415, the affidavit is not to be considered here because it was not presented to the trial court. The appeal is to be determined upon the record below. Watson v. Rhode Island Ins. Co., 196 F.2d 254, 256 (5 Cir. 1952).

2. The implied contract. This argument rests on alleged representations of Hertz's rental agent Benson and on Hertz advertisements.

The plaintiffs stress the fact that Sutton testified that Benson told him it was not necessary for him to take out additional insurance. But Benson in his deposition testified that he did not tell Sutton he was fully covered with liability insurance or that it was unnecessary for him to obtain other coverage; he said that he did not recall that Sutton asked him any question at all about insurance. We therefore are in the usual situation of conflicting testimony. The district court found "more credible" Sutton's own concessions on cross-examination; these are to the effect that he was in a hurry, that he did not know whether or not he had read the contract, that he did not inquire of Benson as to passenger coverage, and that he assumed he was covered "for anything that might possibly happen". With the record in this state we, as an appellate court, cannot undo the trial court's findings for they are obviously not clearly erroneous within the meaning of Rule 52(a), F.R.Civ.P. The situation is far different from the case of Carlson v. Grimsrud, 223 Wis. 561, 270 N.W. 50 (1936), cited by the plaintiffs, where the court held that the evidence was sufficient to sustain the trial court's finding, opposite to the one here, that the insurer had agreed to issue its policy without the exclusionary clause. Furthermore, as Judge Harper observed, the matter was reduced to clear and unambiguous written terms and, in the absence of fraud, that writing should control. Davis v. Fidelity Fire Ins. Co., 208 Ill. 375, 70 N.E. 359, 362 (1904); Lockwood v. Goldman, 345 Ill.App. 324, 102 N.E.2d 828, 829 (1952).

Although Sutton testified in very general terms about having seen several Hertz advertisements referring to insur-

ance, he admitted on cross-examination that the only one he was positive about was one in the 1955 Hotel Red Book. This recited "Hertz low rates include everything. * * * That includes gasoline, oil * * * and Public Liability, Property Damage, Fire and Theft Insurance, and $100.00 deductible collision protection". Other ads spoke of "proper insurance". Here again we agree with the district court that the latter term is to be construed to mean the coverage required by the Illinois law. The insurance provided did comply with that law. Also, Hertz's policy outstanding at the time of the accident satisfied the description in the Red Book advertisement, for, despite the exclusion, it provided public liability, property damage, fire and theft insurance and $100 deductible collision protection.

See generally on this point, McCann for Use of Osterman v. Continental Cas. Co., supra; Jennings v. Illinois Auto. Club, 319 Ill.App. 587, 49 N.E.2d 847 (1943); Automobile Underwriters v. Camp, 217 Ind. 328, 27 N.E.2d 370, 375 (1940), rehearing denied 28 N.E.2d 68, 128 A.L.R. 1024. We therefore find no basis for the plaintiffs' contention that an implied contract existed binding Hertz to furnish insurance coverage for bodily injury sustained by an occupant for the rented automobile.

■ 3. Public policy. The plaintiffs base this point solely on Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1 (1960), and argue that the exclusion was not called specifically to Sutton's attention, that it was in small print and on the reverse side of the contract, and that there was a disparity in bargaining between Sutton and Hertz. Henningsen, however, is a case concerning an implied warranty of fitness of an automobile, a product and a dangerous instrumentality, and the defendant-manufacturer's disclaimer of this warranty by small print provisions in a purchase order. That fact situation is not at all the one before us. As we have already noted, the applicable Illinois statute spe-

cifically authorizes passenger exclusion in rented automobile insurance. Further, Sutton in his testimony made no complaint about the smallness of the type or his ability to read it. There is no overriding public policy of the kind with which the New Jersey court was concerned in Henningsen.

It is unfortunate, of course, that Miss Stearns, seriously injured without fault on her part, now finds herself without financial relief. The difficulty, however, lies primarily in Sutton's lack of coverage and in the apparent uncollectibility of the judgment against him. Had Sutton owned an automobile and carried a standard owner's policy, coverage would have been afforded. But these facts are hardly the fault of Hertz. If a passenger in a rented car was to have been so protected, that was a matter for the Illinois legislature.

Affirmed.