390 P.2d 897

**PACIFIC INDEMNITY COMPANY,**
a corporation, Appellant,

v.

**HAMMAN WHOLESALE LUMBER AND SUPPLY COMPANY, Inc., a corporation, Appellee.**

No. 7314.

Supreme Court of Arizona.

In Division.

April 1, 1964.

BERNSTEIN, Justice.

Hamman Wholesale Lumber and Supply Company, Inc., brought suit in the Superior Court of Maricopa County against Pacific Indemnity Company, for declaratory judgment that its insurance policy covered one of its leased trucks which had been involved in an accident in California. The insurance company denied liability on the basis of a rider in the policy, known as the "standard hired automobile clause."[1] The trial court held the policy covered the accident and that the exclusionary clause did not apply. The clause relied on reads as follows:

"The words 'hired automobile' shall mean a land motor vehicle, trailer or semi-trailer used under contract in behalf of, or loaned to, the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) an executive officer or partner thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile. * * *"

The case was tried by the court sitting without a jury. The court made findings of fact and conclusions of law, and entered a declaratory judgment that the truck involved was covered by the policy.

Beer, Seaman & Polley, Phoenix, for appellant.

Ernest W. McFarland, and Allan K. Perry, Phoenix, for appellee.

1. The exclusion is in fairly common use, and has been defended on the ground that the owner of the hired vehicle would have his own insurance, Note 32 A.L.R.2d 572. This case illustrates, however, that it may be used as a trap for the unwary.

The truck involved in the accident was owned by, and registered in the name of Grisham, and driven by Rogers. Another truck was owned by, and registered in the name of Rogers, but always driven by Grisham. Rogers and Grisham were related, and had a special joint bank account, but the trial court found that there was no partnership. Grisham leased his truck to plaintiff, Hamman Wholesale Lumber, by written agreement, for 20 cents a mile. Rogers drove this truck, under an oral agreement with Hamman for 5 cents a mile. A similar arrangement covered the Rogers truck which was driven by Grisham. The trucks were used to haul lumber from Oregon and California to Phoenix.

Appellant objects to the finding of fact that Rogers and Grisham were independent contractors in the face of undisputed evidence that they were treated as employees in reports to the Arizona Industrial Commission, the Federal Internal Revenue Service and other governmental agencies. All of these agencies administer statutes where the term "employee" is broadly defined to effectuate the purposes of the act. The fact that the Arizona legislature believed that men situated as these men were should receive the benefits of the Workmen's Compensation Act if they were injured, or that Congress desired their employer to pay withholding tax or social security tax for them, and adopted a broad definition of "employee" to achieve these purposes, does not mean that they have thereby become "employees" for any purpose other than the application of those acts. Throop v. F. E. Young & Company, 94 Ariz. 146, 382 P.2d 560; United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757; Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772. The trial judge was correct in his conclusion that these reports are not conclusive. We have held in the absence of a statute containing a definition of "employee" for the purpose of that statute, the test of whether a person is an employee or an independent contractor is the right to control test adopted in Throop, supra.

We agree with the Fifth Conclusion of Law of the trial judge, which reads as follows:

"5. Proper interpretation and application of the 'Hired Automobiles Endorsement' (including the clause relied upon by defendant) warrants judgment in favor of plaintiff."

The rider reads: "provided such automobile is not registered in the name of * * * an agent of the named insured who is granted an operating allowance of any sort for the use of *such* automobile * * *." (Emphasis supplied.)

There is here no "operating allowance". See Woodrich Construction Co. v. Indemnity Ins. Co., 252 Minn. 86, 89 N.W.2d 412 (1958) construing an identical rider. A payment of $3.00 per hour to the driver of

his own truck was held to be an operating allowance under an identical clause. Western Casualty & Surety Co. v. Pacific Employers Ins. Co., 97 F.Supp. 965 (D.C.Okl. 1951). We adopt the approach of Woodrich, supra, rather than that of the Western Casualty case. What was paid was lease rental for the truck and 5 cents per mile as compensation. Here the company contracted with a driver for a truck it had leased from another in a carefully worked out transaction to avoid the application of federal law. Hamman testified that the arrangement was made in this manner because Rogers and Grisham did not have, and could not get, certificates of public convenience and necessity from the Interstate Commerce Commission. Whether they had or could have obtained a certificate is of no consequence.

Since Rogers and Grisham are independent contractors, and since no "operating allowance" was paid, the clause relied on by defendant does not exempt it from liability.

It happens that in this case an arrangement made for another purpose defeats the attempt of the insurance company to avoid a liability which it had led its policyholder to believe that it was assuming. In its preliminary order the trial court found:

"16. Elder [the insurance company's general agent] acknowledged that he was not well informed as to the plaintiff's method of operation and he should have so informed himself.

"17. Elder knowing that the plaintiff wanted full coverage was obligated to explain to the plaintiff any limitations which Pacific Indemnity now urges as contained in the clause in question."

We specifically approve of the trial court's conclusion of law in the above quoted sections of the order. If defendant's home office had been correct in its construction of its "hired automobile clause" it would have succeeded in collecting a premium for a policy under which it assumed no liabilities whatever, in view of the insured's method of operation. See Maryland Cas. Co. v. Hoffman, 75 Ariz. 103, 109, 252 P.2d 82, 86.

This case was decided prior to our decision in Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145. In that case we held that a restrictive endorsement negating coverage could not be relied on by the insurer, where it conflicted with the coverage required by the omnibus clause read into every automobile liability policy by the Financial Responsibility Law, A.R.S. § 28–1101 et seq. Since the decision below is clearly correct as already discussed we do not need to consider the question of whether the exclusionary clause here involved comes within the ambit of Jenkins v. Mayflower.

The judgment of the trial court is affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, J., concurring.