544

456 P.2d 914

NEW YORK UNDERWRITERS INSUR-
ANCE COMPANY, a corporation; the
Hartford Insurance Group; and Citizens
Insurance Company of New Jersey, Peti-
tioners,

v.

The SUPERIOR COURT of Arizona IN AND
FOR the COUNTY OF MARICOPA; and
the Honorable William Gooding, a judge
thereof; and CIVIL SERVICE EM-
PLOYEES INSURANCE COMPANY, real
party in interest, Respondents.

No. 9613.

Supreme Court of Arizona.

In Banc.

July 16, 1969.

Snell & Wilmer, by John J. Bouma,
Phoenix, for petitioners.

Jennings, Strouss, Salmon & Trask, by
John S. Hobbs, Phoenix, for respondents.

HAYS, Justice.

The New York Underwriters Insurance
Company, the Hartford Insurance Group
and the Citizens Insurance Company of
New Jersey, hereinafter referred to as the
petitioners, have petitioned this court for a
Writ of Prohibition to prevent the respond-
ents, Superior Court of Arizona and Civil
Service Employees Insurance Co., real
party in interest therein, from proceeding
further in cause No. 194178 in the Superior
Court. On the 29th day of April, 1969, this
court granted an Alternative Writ of Pro-
hibition.

In 1964, Trujillo, riding as a passenger in
his own automobile, was injured by the
alleged negligence of his driver, Hickey.
Trujillo's insurance carrier, Civil Service
Employees Insurance Company, brought
this action below seeking a declaratory
judgment that the policy of liability in-
surance issued to Hickey by one of the peti-
tioners, was primary and that the policy
issued on the vehicle by Civil Service was
not involved.

The Civil Service policy provides that the "policy does not apply to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

Petitioners assert that the exclusion is contrary to the statutory Omnibus Clause, held in Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963), to be a part of every motor vehicle liability policy. They further assert that in accordance with that case and the Supreme Court decisions in Dairyland Mutual Insurance Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967), and Universal Underwriters Insurance Co. v. Dairyland Mutual Ins. Co., 102 Ariz. 518, 433 P.2d 966 (1967), said exclusion is illegal and void.

This court has previously defined the purpose of the Arizona Financial Responsibility Act. In Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963), we stated:

> "The Financial Responsibility Act has for its principal purpose the protection of the public using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons."

 In light of that stated purpose, the question is whether or not the statute is intended to restrict the privilege of an individual to contract with his insurance carrier to exclude his own personal recovery under the policy terms in the event of his own injury. We read nothing in the statute which states such a restriction nor do we find ourselves compelled by public policy to so construe this statute.

In the absence of any legislative mandate to the contrary, the rule is generally well settled that policies containing clauses which specifically exclude from coverage injuries sustained by the named assured, are effective to preclude the company's liability to such named assured. 7 Appleman, Insurance Law and Practice § 4409 p. 377 (1962); Frye v. Theige, 253 Wis. 596, 34 N.W.2d 793, 50 A.L.R.2d 124 (1948); Musselman v. Mutual Auto. Ins.

Co., 266 Wis. 387, 63 N.W.2d 691 (1954); Havlik v. Bittner, 272 Wis. 71, 74 N.W.2d 798 (1956); Tenopir v. State Farm Mutual Co., 403 F.2d 533 (9th Cir. 1968). See also Capece v. Allstate Ins. Co., 88 N.J.Super. 535, 212 A.2d 863 (1965). On the other hand in the absence of such an exclusion, the preponderance of the authority allows recovery by the named insured, when injured through the negligence of a person covered by the Omnibus Clause. Seaman v. State Farm Mutual Auto Ins. Co., 15 Ill. App.2d 537, 146 N.E.2d 808 (1958); Howe v. Howe, 87 N.H. 338, 179 A. 362 (1935).

We hold that the exclusion cited above as limited to the named insured himself is not contradictory to the provisions of A.R.S. § 28–1170, and it is not illegal or void.

Alternative writ of prohibition is quashed and the application for a peremptory writ of prohibition is denied.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.