486 P.2d 773

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a corporation and member of National Union Insurance Companies, Appellant,

v.

TRUCK INSURANCE EXCHANGE, a corporation and member of Farmers Insurance Group, Appellee.

No. 10398–PR.

Supreme Court of Arizona,
In Banc.

July 2, 1971.

Rehearing Denied Sept. 17, 1971.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by James A. Teilborg, Phoenix, for appellant.

Lewis & Roca, by John P. Frank, and Michael J. LaVelle, Phoenix, for appellee.

HAYS, Vice Chief Justice.

This cause is before us on a petition for review of a decision of the Court of Appeals, Division One, which affirmed a judgment entered by the Superior Court of Maricopa County. National Union Fire Insurance Company of Pittsburgh, Pa. v.

Truck Insurance Exchange, 13 Ariz.App. 541, 479 P.2d 189 (1971). The opinion of the Court of Appeals is vacated.

The facts of this case are not in dispute. On August 9, 1967, plaintiff-appellee, Truck Insurance Exchange (hereinafter referred to as Truck) insured the Temple Corporation, dba Thrifty Rent-A-Car (hereinafter referred to as Thrifty), under a truckmen's comprehensive insurance policy which covered persons and firms leasing vehicles from Thrifty for bodily injury and property damage. This policy contained a restrictive endorsement which excluded coverage of a lessee or driver of a rental vehicle with respect to any injuries sustained by a person riding as a passenger in the rented vehicle.

The policy issued by Truck to Thrifty is authorized by A.R.S. § 28–324. This statute, initially enacted in 1927, requires the owner of a motor vehicle leasing business to obtain public liability insurance in a prescribed amount as a prerequisite to registration of the vehicles used in the business. The statute permits the vehicle owner, however, to exclude from such liability coverage the renter of the rented vehicle with respect to any injuries sustained by a passenger riding in the vehicle if the owner provides the vehicle renter with written notice of the policy exclusion.

The subsection of A.R.S. § 28–324 pertinent to this appeal reads as follows:

"A. No owner engaged in the business of renting, or who intends to rent, a motor vehicle without a driver, shall be permitted to register the motor vehicle until he has procured public liability insurance with an insurance company approved by the insurance department of this state insuring the renter thereof against liability arising from his negligence in the operation of the rented vehicle in an amount of not less than five thousand dollars for any one person injured or killed and ten thousand dollars for any number more than one injured or killed in any one accident, and against the liability of the renter for property damage in the amount of not less than one thousand dollars for any one accident, or until the owner has furnished the division satisfactory proof of his ability to respond in damages in the amount of ten thousand dollars when but one motor vehicle is registered, and five thousand dollars for each additional motor vehicle. Proof of ability to respond in damages in the amount of one hundred thousand dollars shall be sufficient for any number of motor vehicles. The policy of insurance required by this subsection shall cover any liability of the renter to any passenger in the rented motor vehicle unless the owner gives the renter a written notice that the policy does not cover such liability. The division shall cancel the registration of a motor vehicle rented without a driver when the owner has failed to comply with this section."

Thomas Patrick Murphy rented a vehicle from Thrifty pursuant to a standard rental agreement which included written notification to Murphy that the insurance on the rented vehicle would not cover him with respect to injuries or damages sustained by any passenger riding in such vehicle. Thereafter, on August 9, 1967, Murphy, while driving the Thrifty rental vehicle, was involved in a collision in which his passenger, Toni Delores Hawthorne, was injured.

At the time of this accident, Murphy was personally insured by defendant-appellant, National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter referred to as National Union) pursuant to an automobile liability policy which provided excess coverage while Murphy was driving a non-owned vehicle.

A suit for damages was subsequently brought against Murphy by Hawthorne. The two insurance companies, Truck and National Union, were unable to agree as to which company had the primary duty to defend Murphy in the Hawthorne action and which policy had primary liability for the damages. As a result, Truck instituted a declaratory judgment action in the Supe-

rior Court of Maricopa County to determine the respective duties and liabilities of the two insurers.

The Superior Court, on cross-motions for summary judgment, rendered judgment for Truck and National Union brought this appeal.

The primary issue for our consideration concerns the present validity of the Truck restrictive endorsement as sanctioned by A.R.S. § 28-324, subsec. A in view of the all-inclusive public policy subsequently enunciated by the legislature in the omnibus clause of the Arizona Financial Responsibility Act.

The omnibus clause of the Arizona Financial Responsibility Act, A.R.S. § 28-1170, subsec. B, was initially enacted in 1951, amended in 1961 and provides the following:

"B. The owner's policy of liability insurance must comply with the following requirements:

1. It shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted. 2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows:

(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident.

(b) Subject to the limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

(c) Five thousand dollars because of injury to or destruction of property of others in any one accident."

In Rocky Mountain Fire & Cas. Co. v. Allstate Ins. Co. et al, 107 Ariz. 227, 485 P.2d 552 (filed May 27, 1971) we said:

"In Jenkins v. Mayflower Ins. Exchange, 93 Ariz. 287, 380 P.2d 145 (1963), we held that the omnibus clause is a part of every motor vehicle liability policy. We have also stated, on numerous occasions, that any attempt by an automobile owner's liability insurer to exclude a party or parties from such omnibus clause coverage would be struck down as against the public policy declarations of the Arizona Financial Responsibility Act. Jenkins v. Mayflower Ins. Exchange, supra; Dairyland Mut. Ins. Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Universal Under. Ins. Co. v. Dairyland Mut. Ins. Co., 102 Ariz. 518, 433 P.2d 966 (1967)."

National Union urges, in reliance upon Mayflower, supra, and its progeny, that the provision of A.R.S. § 28-324, subsec. A which permits an automobile owner's liability insurer to exclude a vehicle renter from liability insurance coverage for a passenger's injuries is in conflict with the public policy underlying the subsequently enacted omnibus clause of the Financial Responsibility Act and is, therefore, repealed to the extent of conflict by implication. Without the statutory sanction of A.R.S. § 28-324, subsec. A, contends National Union, the restrictive endorsement in the Truck policy is void and thereby ineffective to insulate Truck from primary liability in the Hawthorne action.

Truck responds with four basic contentions in support of its restrictive endorsement: (1) that the public policy announced by Mayflower, supra, as that underlying the Arizona Financial Responsibility Act does not invalidate the restrictive endorsement exclusion permitted by A.R.S. § 28-324, subsec. A since public policy is for the legislature and not the judiciary to determine, (2) that the Financial Responsibility Act does not establish an all-inclusive standard of liability insurance coverage for an automobile owner, (3) that A.R.S. § 28-1170 can only repeal the earlier enacted

A.R.S. § 28–324 by implication if both statutes are so inconsistent that they cannot be read together and (4) that Arizona should follow the position adopted by the United States Court of Appeals for the Eighth Circuit in Stearns v. Hertz Corp., 326 F.2d 405 (1964) with respect to the exclusion of rental vehicle passengers from omnibus liability coverage.

With respect to the first contention of Truck, the legislature, through passage of the Arizona Financial Responsibility Act, focused our attention on the need for security against uncompensated damages arising from the operation of motor vehicles on our highways. Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963). We took cognizance of this legislative purpose in Mayflower, supra, and its progeny when we announced that any attempt by an automobile owner's liability insurer to exclude from coverage an injured third party would be struck down as a violation of the public policy underlying the Financial Responsibility Act. In the present case, we again take cognizance of this underlying public policy and find that the restrictive endorsement in the Truck policy which excludes from coverage the vehicle renter with respect to injuries sustained by a third party passenger is repugnant to the act.

The second issue advanced by Truck is answered by reference to the omnibus clause of A.R.S. § 28–1170, subsec. B. The language utilized in the omnibus clause, enacted subsequent to A.R.S. § 28–324, demonstrates a legislative intent to prescribe an *all-inclusive* minimum standard of liability insurance coverage for each automobile owner with the only permissible exclusions from such coverage expressly described within the statute itself.

With respect to Truck's third contention against implied repeal, we agree with Truck that repeals by implication are not favored and will not be indulged in if there is any other reasonable construction.

Rowland v. McBride, 35 Ariz. 511, 281 P. 207 (1929). However, in view of the all-inclusive nature of the omnibus clause of A.R.S. § 28–1170 and in view of the repugnance of the restrictive endorsement sanctioned by A.R.S. § 28–324 to the public policy underlying the Financial Responsibility Act, we find that A.R.S. § 28–1170 repeals by implication so much of A.R.S. § 28–324, subsec. A as is in conflict therewith. State Land Dept. v. Tucson Rock & Sand, 107 Ariz. 74, 481 P.2d 867; City of Bisbee v. Cochise County, 44 Ariz. 233, 36 P.2d 559 (1934); State Board of Health v. Frohmiller, 42 Ariz. 231, 23 P.2d 941 (1933).

Finally, Truck urges that this court follow the example set by the United States Court of Appeals, Eighth Circuit in Stearns v. Hertz Corp., supra, as to the proper scope of a statutory omnibus clause. The *Stearns* opinion, however, was based, in part, on McCann for Use of Osterman v. Continental Casualty Co., 8 Ill.2d 476, 134 N.E.2d 302 (1956); prior opinion, 6 Ill.App.2d 527, 128 N.E.2d 624 (1955); a case expressly rejected as authority in *Mayflower*.

In light of the foregoing, we find that the restrictive endorsement in the Truck policy issued to Thrifty is void and Truck, therefore, is primarily liable to Murphy for both the defense and the damages in the Hawthorne action. We also find that the policy limits established by A.R.S. § 28–324 are in conflict with those required by the omnibus clause of A.R.S. § 28–1170 and must be increased accordingly.

Judgment of the Superior Court of Maricopa County is reversed and the cause remanded for proceedings not inconsistent with the foregoing decision.

STRUCKMEYER, C. J., and UDALL and LOCKWOOD, JJ., concur.

NOTE: Justice James Duke Cameron disqualified himself from participation in the determination of this decision.