519 P.2d 1157

**Shirley STEVENS; Charles Christakis, as guardian ad litem of Kenneth Allen Stevens; and Kenneth Allen Stevens, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 1 CA–CIV 1865.**

Court of Appeals of Arizona,
Division 1, Department B.

March 12, 1974.

Rehearing Denied April 2, 1974.

Review Granted April 23, 1974.

Christakis & Rodarte, by Charles Christakis, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Hunsaker, Phoenix, for appellee.

## OPINION

JACOBSON, Chief Judge, Division 1.

The sole issue that needs to be decided in this appeal is the validity of the so-called "household exclusion" clause of an automobile insurance policy.

The basic facts in this case are not disputed. On April 7, 1970, appellant, Shirley Stevens, while driving her 1969 Maverick automobile, negligently turned left into the path of an oncoming vehicle. As a result of the ensuing collision, appellant, Kenneth Allen Stevens, Mrs. Stevens' four-month-old son, who was a passenger in the Maverick, was seriously injured. At the time of this accident, Mrs. Stevens had an automobile liability policy covering this vehicle issued by appellee, State Farm Mutual Automobile Insurance Co. (State Farm). The State Farm policy had the following exclusion:

"This insurance does not apply under:

"(h) Coverage A, to bodily injury to any insured or *"any member of the family of an insured residing in the same household as the insured."*

Mrs. Stevens was the named insured and her injured minor son was residing with her as a member of her household.

Kenneth Stevens, through his guardian ad litem, subsequently filed an action against his mother for damages resulting from the auto accident. State Farm accepted the defense of this action under a reservation of rights and thereafter filed a declaratory judgment action based on the exclusionary clause of its policy, seeking to have it declared that State Farm would not be liable for any damages arising from the litigation between Kenneth and his mother and that it owed no duty of defense to Mrs. Stevens in that action. On a motion for summary judgment, the trial court entered judgment in favor of State Farm, expressly upholding the validity of the

quoted "household exclusion" clause in the policy. Based upon the validity of this exclusion, the trial court held that State Farm was not liable for any bodily injury damages resulting to Kenneth nor was it required to enter a defense for Mrs. Stevens in that action. This appeal followed.

While appellants raise other issues on this appeal which they contend require reversal of the trial court's judgment, we need only discuss their main contention, as it is dispositive. Appellants contend that the "household exclusion" clause when applied to persons other than the named insured is void as being in contravention of the Arizona Safety Responsibility Act, A.R.S. § 28–1101 et seq. as interpreted by Jenkins v. Mayflower Ins. Exchange, 93 Ariz. 287, 380 P.2d 145 (1963) and subsequent Supreme Court decisions. We agree.

While the "household exclusion" clause has been the subject matter of several Arizona cases,[1] both parties agree that the question of its validity as applied to persons other than the named insured is a matter of first impression in this state. Both parties also agree that Arizona has upheld this exclusion as it applies to the named insured. New York Underwriters Insurance Co. v. Superior Court, 104 Ariz. 544, 456 P.2d 914 (1969). In that case, the Supreme Court held:

"... the question is whether or not the statute [Arizona Safety Responsibility Act] is intended to restrict the privilege of an individual to contract with his insurance carrier to exclude his own personal recovery under the policy terms in the event of his own injury. We read nothing in the statutes which states such a restriction nor do we find ourselves compelled by public policy to so construe this statute.

.   .   .   .   .   .

"We hold that the exclusion cited above [household exclusion] as limited

to the named insured himself is not contradictory to the provisions of A.R.S. § 28–1170 and is not illegal or void." 104 Ariz. at 545, 456 P.2d at 915.

State Farm contends that by this decision, the Arizona Supreme Court has inferentially upheld the validity of the "household exclusion" generally and as an intermediate appellate court we are not at liberty to re-determine this issue. In support of this contention, State Farm cites the following from State Farm Mutual Automobile Insurance Co. v. Transport Indem. Co., 109 Ariz. 56, 505 P.2d 227 (1973):

"The only exception we have so far permitted is that which was involved in New York Underwriters v. Superior Court, 104 Ariz. 544, 456 P.2d 914. There, we permitted an automobile owner to contract with his insurance carrier that injuries by him *and his family* would be excluded from the policy benefits." 109 Ariz. at 59, 505 P.2d at 230 (Emphasis added.)

In view of the limitation found both in the language and the facts of the *New York Underwriters* decision, we are constrained to treat this interpretation of the *New York Underwriters* decision as inadvertent dicta. We are especially convinced our position on this dicta is sound when viewed in the light of the Arizona Supreme Court decision declaring void any exclusion which would deny recovery to third persons injured as a result of auto accidents. The holding in National Union Fire Ins. Co. v. Truck Ins. Exch., 107 Ariz. 291, 486 P.2d 773 (1971) is illustrative of the Arizona Supreme Court's views on the subject:

"...  the legislature, through passage of the Arizona Financial Responsibility Act, focused our attention on the need for security against uncompensated

---

1. *See* Lawrence v. Burke, 6 Ariz.App. 228, 413 P.2d 302 (1967); State Farm Mutual Automobile Ins. Co. v. Thompson, 372 F.2d 256 (9th Cir., 1967); Heard v. Farmers Ins. Exchange Co., 17 Ariz.App. 193, 496 P.2d 619 (1972).

**394**

damages arising from the operation of motor vehicles on our highways. [Citation omitted.] We took cognizance of this legislative purpose in *Mayflower, supra,* and its progeny when we announced that any attempt by an automobile owner's liability insurer to exclude from coverage an injured third party would be struck down as a violation of the public policy underlying the Financial Responsibility Act." 107 Ariz. at 294, 486 P.2d at 776.

Also *see,* Pacific Indemnity Co. v. Hamman Wholesale Lumber and Supply Co., 95 Ariz. 362, 390 P.2d 897 (1964); Dairyland Mutual Ins. Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Universal Underwriters Ins. Co. v. Dairyland Mutual Ins. Co., 102 Ariz. 518, 433 P.2d 966 (1967); Farmers Insurance Group v. Home Indemnity Co., 108 Ariz. 126, 493 P.2d 909 (1972); State Farm Auto. Ins. Co. v. Transport Indem. Co., *supra.*

All of these decisions are emphatic in holding that exclusions in automobile insurance policies which attempt to prohibit recovery under a policy to injured third parties are void. In this case there is no doubt that the minor child who was injured as a result of the negligence of State Farm's insured would be entitled to recover under the terms of the policy "but for" the exclusion. Based upon the prior Arizona Supreme Court decisions, we must hold, under such circumstances, the exclusion is void.

Since the parties to this appeal have not briefed nor argued the amount of coverage available to Mrs. Stevens in her action by her minor son, in the event the "household exclusion" clause was declared void as against public policy, we do not make any determination on this issue.

For the foregoing reasons, the judgment of the trial court is reversed, and the matter remanded for further proceedings not inconsistent with this opinion.

HAIRE, P. J., and EUBANK, J., concur.