543 P.2d 134
**FARMERS INSURANCE COMPANY,**
**Appellant,**

v.

**Charles O. NORDEN and Sharon Norden,**
**husband and wife, Appellees.**

**No. 2 CA–CIV 1938.**

Court of Appeals of Arizona,
Division 2.

Dec. 8, 1975.

Chandler, Tullar, Udall & Richmond by D. B. Udall, Tucson, for appellant.

Stompoly & Even by James L. Stroud, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

This is an appeal from the granting of appellees' motion for summary judgment. For the purpose of submitting the case for summary judgment the parties entered into a stipulation of facts. This stipulation shows that appellant issued an automobile insurance policy on a 1957 Chevrolet automobile. It was issued in the name of Sharon Norden and contained a provision that the term "named insured" also included the spouse if a resident of the same household. Charles Norden at all times was the husband of Sharon Norden and did in fact reside in the same household.

On March 1, 1973, Charles Norden was injured while riding as a passenger in the 1957 Chevrolet automobile which at that time was being driven with his express or implied permission by Vernon Hill who negligently struck a guard rail. Hill was not covered by another insurance policy. This lawsuit is an action for a declaratory judgment seeking construction of the insurance policy and, in particular, the validity of the policy provision which excludes from coverage liability for any bodily injury to the named insured.

It is appellees' contention that the policy exclusion violates the Financial Responsibility Act, A.R.S. Sec. 28–1101 et seq. and that the cases of *New York Underwriters Insurance Company v. The Superior Court,* 104 Ariz. 544, 456 P.2d 914 (1969) and *Stevens v. State Farm Mutual Automobile Insurance Company,* 21 Ariz.App. 392, 519 P.2d 1157 (1974) control.

In *New York Underwriters,* the exclusion provided that the "policy does not apply to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." The Court reviewed the principal purpose of the Financial Responsibility Act which is the protection of the public using the highways from financial hardships which may result from the use of automobiles by financially irresponsible persons. In view of such purpose the court held that the provision as limited to the named insured himself, is not contrary to the provisions of A.R.S. Sec. 28–1170 stating:

"In the light of that stated purpose, the question is whether or not the statute is intended to restrict the privilege of an individual to contract with his insurance carrier to exclude his own personal recovery under the policy terms in the event of his own injury. We read nothing in the statute which states such a restriction nor do we find ourselves compelled by public policy to so construe this statute." 104 Ariz. at 545, 456 P.2d at 915.

In *Stevens,* the injured person who was seeking coverage under the policy was the four months-old son of the insured. The State Farm policy excluded from coverage for bodily injury "any member of the family of an insured residing in the same household as the insured."

Division One of this court held the policy exclusion to be void as violative of the Financial Responsibility Act. After reviewing a host of Arizona decisions the court stated:

"All these decisions are emphatic in holding that exclusions in automobile insurance policies which attempt to prohibit recovery under a policy to *injured third parties* are void." 21 Ariz.App. at 394, 519 P.2d at 1159 (Emphasis added)

Appellant cites two California decisions which they urge us to follow. In *Farmers Insurance Exchange v. Geyer,* 247 Cal. App.2d 625, 55 Cal.Rptr. 861 (1967) and in the case of *Farmers Insurance Exchange v. Brown,* 252 Cal.App.2d 120, 60 Cal.Rptr. 1 (1967), the motor vehicle was being driven by the spouse to whom the insurance policy was issued and the injured spouse was a passenger in the motor vehicle.

Both cases involved insurance policies which defined "named insured" as including a spouse living in the same household with the policy holder and both policies excluded from coverage bodily injuries to the named insured. The court in these cases held the injured spouse to be properly excludable under the provisions of California's Financial Responsibility Laws. However, unlike Arizona, a section of California's Financial Responsibility Law (Sec. 16454 of the Vehicle Code) specifically provides that the liability policy need not cover any liabilities for injury to the assured.

Appellees contend that the foregoing California cases have been overruled by the case of State Farm Mutual Automobile Insurance Company v. Jacober, 10 Cal.3d 193, 110 Cal.Rptr. 1, 514 P.2d 953 (1973). We do not agree. State Farm v. Jacober, supra, involves three consolidated cases with a factual situation distinct from the earlier California cases. In all three cases, the driver of the car was not one of the spouses but was a permissive driver. Furthermore, the exclusionary clause in Jacober was different from that contained in Farmers Insurance Exchange v. Brown, supra, and Farmers Insurance Exchange v. Geyer, supra. In the latter cases the exclusionary clause specifically withheld coverage for injuries to the "named insured". In Jacober, the exclusionary clause merely referred to "the insured" which the Supreme Court of California held to be ambiguous and therefore resolved the issue in favor of coverage. We note that in the case sub judice the exclusionary clause does not have the infirmity noted by the Court in Jacober, but rather specifically refers to the "named insured."

Although the State of Arizona does not have the specific statutory exclusion of the assured as does California, our Supreme Court in New York Underwriters read into the statute such an exclusion. With all due respect to our Supreme Court, we believe that there is a restriction in the statute which prevents an individual from contracting with his insurance carrier to exclude his own personal recovery under the policy terms in the event of his own injury.

A.R.S. Sec. 28–1170(B)(2), referring to the required contents of a policy of liability insurance, states that the policy must comply with the following requirement:

> "It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, *against loss from the liability imposed by law for damages arising out of the* ownership, maintenance or *use of the motor vehicle* . . .."
> (Emphasis added)

In New York Underwriters the driver of the car was a permissive driver. The Act requires the insurer to cover the insured "against loss from the liability imposed by law" and does not distinguish between classes of injured persons in affording a permissive user coverage under the statutory omnibus clause. The statute could not be more clear. Furthermore, the portion of our Act designating permitted exclusions is silent as to any exclusion for the insured's injuries. The State of New Jersey in the case of Kish v. Motor Club of America Insurance Company, 108 N.J.Super. 405, 261 A.2d 662 (1970), in construing the applicability of a similar provision of their Financial Responsibility Act to a policy which attempted to exclude coverage for the daughter of the insured by including her in its definition of "Persons Insured", came to a conclusion contrary to our Supreme Court's decision in New York Underwriters. The daughter of the insured was a passenger in her own car driven by a permissive user when the accident occurred. The insurance company refused to represent the driver (Harding) on the ground that the passenger was not entitled to recover under the policy. Holding that the attempted exclusion was void, the New Jersey court stated:

> "To give effect to [the exclusion] would be to deprive Harding, a person using the automobile with the consent of

the named insured, of the coverage which the statute says he is to have and to compel him to expend his own funds in defense of the Kish action and in payment of any in judgment that Kish may recover against him, or, if he be without adequate financial resources, to impose the obligation of defending him and paying the judgment entered against him on the Unsatisfied Claim and Judgment Fund." 261 A.2d at 666.

Although we disagree with *New York Underwriters,* we are bound by it and therefore must decide this case in the light of that opinion.

After its decision in *New York Underwriters,* the Court stated in *State Farm Mutual Automobile Insurance Company v. Transport Indemnity Company,* 109 Ariz. 56, 505 P.2d 227 (1973):

> "The only exception we have so far permitted is that which was involved in the case of *New York Underwriters v. Superior Court,* 104 Ariz. 544, 456 P.2d 914. There, we permitted an automobile owner to contract with his insurance carrier that injuries by him *and his family* would be excluded from the policy benefits." (Emphasis added)

The Court in *Stevens,* termed the use of the words "and his family" as inadvertent dicta. Review was granted in the *Stevens* case on April 23, 1974, and on June 12, 1974, in 111 Ariz. 14, 522 P.2d 1091 by a two to two vote, one Justice having disqualified himself, the order granting review was vacated and the petition for review was denied.

■ The rationale of *New York Underwriters* is that the purpose of the Financial Responsibility Act is to protect the *public* using the highways from financial hardships, and that the named insured is not part of that public. Contrary to Division One's decision in *Stevens* we believe it is a close question whether or not a member of the household is also a member of the public, or a third party as that term is used in the *Stevens* case. It is even a closer question when the situation involves an injured spouse in whose name the policy has not been issued. Is that spouse a member of the public or a third party? We have no doubt, however, that a spouse who falls within a definition of a named insured and who also owns the automobile covered by the policy of insurance is subject to the exclusion. Such spouse being an owner of the automobile, is not a member of the public or a third party and therefore according to *New York Underwriters,* the purpose of the Financial Responsibility Act would not be defeated by allowing such an exclusion.

■ Under the community property laws of this state all property acquired by either spouse during marriage except that which is acquired by gift, devise or descent is community property of husband and wife. The stipulation of the parties is silent as to when the 1957 Chevrolet was acquired. This uncertainty raises a factual issue which must be resolved before a judgment can be entered in this case, for if the automobile is indeed community property, then the ruling in *New York Underwriters* applies and the exclusion is valid.

■ Appellees presented the trial court with an alternative ground for relief which was not considered by the trial court because of its ruling on the validity of the exclusion. Appellant has urged us to also dispose of that issue. Since we are an appellate court and only review the rulings of the trial court, we decline to decide that issue until such time as the trial court has ruled thereon.

The judgment of the trial court is set aside and the case is remanded for further proceedings consistent with this opinion.

KRUCKER and HATHAWAY, JJ., concur.