546 P.2d 851

Sharon ARCENEAUX, a minor by her guardian ad litem, Elizabeth Snell, Zeno Arceneaux and Clement Arceneaux, husband and wife, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 2 CA-CIV 2000.

Court of Appeals of Arizona, Division 2.

March 2, 1976.

Rehearing Denied March 23, 1976.
Review Granted April 20, 1976.

Jacqueline Schneider, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

Does the voiding of the "household exclusion" in a motor vehicle liability policy entitle the injured party to sums in excess of the amount required by our Financial Responsibility Act, or, is the injured party only entitled to a sum not in excess of the minimum amount required by the Act? That is the issue to be resolved in this appeal.

The facts here are similar to those in *Stevens v. State Farm Mutual Automobile Insurance Company,* 21 Ariz.App. 392, 519 P.2d 1157 (1974). Sharon Arceneaux was injured in an automobile accident resulting from the negligence of her father Zeno. At the time of the accident, Sharon was a member of Zeno's household. Sharon's personal injury claim against her father exceeded the $25,000 limit of the State Farm policy in effect at the time of the accident. The policy contained the same "household exclusion" voided in *Stevens.* $15,000 has been paid to Sharon by State Farm and $10,000 has been paid into court. We must determine who is entitled to that $10,000. The court below ruled that the insurance company is entitled to it.

Appellant Sharon Arceneaux contends that the attempted exclusion, being void as against public policy, should be ignored and the insured, Zeno Arceneaux, indemnified to the full extent of the policy limits, $25,000. Appellee contends that but for *Stevens,* supra, Sharon would be entitled to no recovery under the policy and, since the only reason she is entitled to anything is the public policy underlying the Financial Responsibility Act, she should recover only the statutorily required sum of $15,000.

The policy of insurance issued by State Farm named Sharon's father as the insured and contained the following provision:

"When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby; but not in excess of the limits of liability stated in this policy . . . ."

Appellee argues that the foregoing provision together with A.R.S. Sec. 28–1170, subsection G, limits its liability to the statutory sum of $15,000. We do not agree.

The omnibus clause of the Financial Responsibility Act, A.R.S. Sec. 28–1170 provides in part:

"B. The owner's policy of liability insurance must comply with the following requirements:

1. It shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted.

2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows:

(a) Fifteen thousand dollars because of bodily injury to or death of one person in any one accident.

(b) Subject to the limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

(c) Ten thousand dollars because of injury to or destruction of property of others in any one accident.

\* \* \*"

In *Jenkins v. Mayflower Ins. Exchange,* 93 Ariz. 287, 380 P.2d 145 (1963) the Supreme Court held that the omnibus clause

is a part of every motor vehicle liability policy.

A.R.S. Sec. 28–1170, subsection G provides:

"G. A policy which grants the coverage required for a motor vehicle liability policy may also grant lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and the excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants the excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section."

In *Sandoval v. Chenoweth,* 102 Ariz. 241, 428 P.2d 98 (1967), the insured, Sandoval, was involved in an automobile accident. He notified his insurance company of the accident, but failed to notify the insurer of the filing of a lawsuit against him. Default was taken and when the insurer was served with a writ of garnishment it denied liability on the ground that Sandoval had violated a policy provision which required the insured to forward to the insurer any summons or complaint. The court held this provision violative of Sec. 28–1170(F)(1) of the Financial Responsibility Act and allowed recovery against the insurer. In *Sandoval,* as here, liability was extended because of the omnibus clause. The court in *Sandoval* further held that A.R.S. Sec. 28–1170, subsection G did not operate to limit the insurer's liability to the statutory minimum.

■ *Sandoval* does not, however, prevent the insurer, by means of a specific policy provision, from limiting omnibus coverage to the statutory minimum. In *Rocky Mountain Fire & Cas. Co. v. Allstate Ins. Co.,* 107 Ariz. 227, 485 P.2d 552 (1971), the policy provided:

"3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply *but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit."* (Emphasis added)

The court held that this provision validly limited the insurer's liability to the minimum amount required by law.

■ Does the State Farm policy provision previously set forth operate to limit coverage to the statutory minimum? We think not. By its explicit terms the provision is only applicable when the policy is "certified as proof of future financial responsibility under any motor vehicle financial responsibility law. . . ." A.R.S. Sec. 28–1168 covers the certification of insurance policies as proof of future financial responsibility. The policy in question was not so certified. Although *Jenkins v. Mayflower* supra, has eliminated the requirement that the policy be "certified" as far as the applicability of the omnibus clause is concerned, it does not change the language of the provision in this instance. A layman reading the policy provision could only conclude that it applies solely to certification of the policy under A.R.S. Sec. 28–1168.

The case of *Landis v. New Amsterdam Casualty Co.,* 347 Ill.App. 560, 107 N.E.2d 187 (1952) cited by appellee is inapposite. There the policy provided that where the provisions of the Motor Vehicle Financial Responsibility Law of any state are to be read into the policy, such provisions are to be effective to the extent of the coverage and limitation of liability required by such law, but not in excess of the policy limits. It did not provide, however, that the provision was applicable only when the policy was certified as proof of future financial responsibility.

The judgment is reversed and the trial court is ordered to enter a judgment awarding the $10,000 to the minor.

KRUCKER and HATHAWAY, JJ., concurring.