550 P.2d 87

Sharon ARCENEAUX, a minor by her Guardian ad Litem, Elizabeth Snell, Zeno Arceneaux and Clement Arceneaux, husband and wife, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 12608–PR.

Supreme Court of Arizona, En Banc.

May 17, 1976.

Rehearing Denied June 15, 1976.

Jacqueline Schneider, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

HAYS, Justice.

The appellant, Sharon Arceneaux, was injured in an automobile accident as the result of the negligence of her father, Zeno Arceneaux. At the time of the accident, Sharon was a member of the household of her parents. On the date of the accident, Zeno Arceneaux was covered by an insurance policy issued by the appellee, State Farm Mutual Automobile Insurance Company. It was stipulated that the personal injuries of Sharon monetarily exceeded the $25,000 policy limits. The appellee insurance company paid the sum of $15,000 to the conservator of Sharon and deposited $10,000 with the clerk of the court.

After a declaratory judgment action was brought, the trial court ruled that the appellee insurance company was entitled to the $10,000. On appeal the Court of Appeals reversed and we granted a petition for review. The opinion of the *Court of Appeals*, 26 Ariz.App. 126, 546 P.2d 851 (1976), is vacated.

The basic question presented is whether the "household exclusion" provision in the insurance policy is wholly void or merely invalid to the extent that it conflicts with the public policy principle enunciated in the Uniform Motor Vehicle Safety Responsibility Act, ARS § 28–1101 et seq.

In *Jenkins v. Mayflower Insurance Exchange*, 93 Ariz. 287, 380 P.2d 145 (1963), we pointed out the legislative purpose of providing recovery for injured third parties. Subsequent opinions of this court expanded and explained this purpose. In *Stevens v. State Farm Mutual Automobile Ins. Co.*, 21 Ariz.App. 392, 519 P.2d 1157 (1974), the Court of Appeals further developed this concept by holding that in the context of the Safety Responsibility Act, *supra,* the "household exclusion" when applied to persons other than the named insured, is void. It is interesting to note that the Supreme Court granted review but thereafter vacated that order and denied review of the *Stevens* case.

The *Stevens* case, however, did not concern itself with the issue of whether the injured party would be entitled to receive more than the amount provided for under the Uniform Motor Vehicle Safety Responsibility Act, if the policy limits exceeded that amount. The court specifically declined to make a determination on that issue, since it was not raised by the parties.

■ The appellee insurance company asserts that neither the insurance policy nor the statute requires coverage in excess of the basic $15,000 limit. In matters not mandated by law (or the public policy of the state) the parties should be permitted to make their own contractual arrangements.

■ *In Rocky Mountain Fire & Casualty Co. v. Allstate Ins. Co.*, 107 Ariz. 227, 485

P.2d 552 (1971), the court held that if the policy of insurance specifically so provides, less insurance coverage may be provided for an omnibus insured than for the named insured as long as the Safety Responsibility Act is complied with. It seems logical that the contract of insurance here need provide for members of the household nothing more than the Act requires, and thereafter the exclusionary clause is viable.

An additional point concerning the language of the policy and the application of ARS § 28–1170(G) is raised by appellant. The pertinent part of the policy reads as follows:

Exclusions—Section 1
This insurance does not apply under:

. . . . . .

(h) Coverage A, to bodily injury to any insured or any member of the family of an insured residing in the same household as the insured;

. . . . . .

Financial Responsibility Laws
When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby; but not in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

ARS § 28–1170(G) says:
A policy which grants the coverage required for a motor vehicle liability policy may also grant lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and the excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants the excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

Appellant points out the fact that in *Sandoval v. Chenoweth,* 102 Ariz. 241, 428 P.2d 98 (1967), we said that the second sentence of ARS § 28–1170(G) is ineffectual to limit coverage to the minimum amount required. However, appellee argues that this is pure dictum, and we agree. We hold that the plain import of the words in that statute indicates that coverage, in addition to the amount mandated by the Vehicle Safety Responsibility Act, shall not be subject to the provisions of the Act.

Judgment of the trial court affirmed.

CAMERON, C. J., and HOLOHAN and GORDON, JJ., concurring.

*Note:* Vice Chief Justice FRED C. STRUCKMEYER, Jr., did not participate in the determination of this matter.