786 P.2d 1064

**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff/Appellee,**

v.

**Briana Cory POWERS, a minor, By and Through her Guardian ad Litem, next best friend and Conservator, Robert B. FLEMING Esq. or By and Through her natural parents, James P. Powers and Christine S. Powers, Defendant/Appellant.**

No. 2 CA–CV 89–0094.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 5, 1989.

Reconsideration Denied Jan. 24, 1990.

Bury, Moeller, Humphrey & O'Meara by David C. Bury, Tucson, for plaintiff/appellee.

Rabinovitz & Associates by Bernard I. Rabinovitz, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

### FACTS AND PROCEDURE

This is an appeal from a judgment in an action for declaratory judgment filed by State Farm Fire & Casualty Co. The record shows that three-year-old Briana Powers, the daughter of James and Christine Powers, was seriously injured in a spa located at the home of a friend. The minor daughter sued the landowner and her parents for negligence.

At the time of the accident the Powers had a homeowner's policy issued by State Farm. The word "insured" was defined under the policy as follows: " 'insured' means you and if residents of your household: a. your relatives; b. any other person under the age of 21 who is in the care of a person described above." Section II of the policy contained the liability coverages and provided in part:

COVERAGE L–PERSONAL LIABILITY

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, we will:

1.  pay up to our limit of liability for the damages for which the *insured* is legally liable; and

2.  provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

COVERAGE M–MEDICAL PAYMENTS TO OTHERS

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury*. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage applies only:

1.  to a person on the *insured location* with the permission of an *insured;*

2.  to a person off the *insured location,* if the *bodily injury:*

    a.  arises out of a condition in the *insured location* or the ways immediately adjoining;

    b.  is caused by the activities of an *insured;*

    c.  is caused by a *residence employee* in the course of the *residence employee's* employment by an *insured;* or

    d.  is caused by an animal owned by or in the care of an *insured;* or

3.  to a *residence employee* if the occurrence causing *bodily injury* occurs off the *insured location* and arises out of or in the course of the *residence employee's* employment by an *insured.*

SECTION II–EXCLUSIONS

1.  Coverage L and Coverage M do not apply to:

    \*   \*   \*   \*   \*   \*

h.  *bodily injury* to you or any *insured* within the meaning of part a. or b. of the definition of *insured.*

(Emphasis in original.)

A court trial was held at which Christine Powers testified that she never discussed the contents of the policy, but she did read it when she received it and thought she and her family members were covered if an accident happened. Appellant contended before the trial court that the policy was ambiguous, that recovery was mandated under the doctrine of reasonable expectation, that the exclusion was against public policy, and that the exclusion denied her constitutional right to equal protection under article 2, § 13 of the Arizona Constitution and the Fifth and Fourteenth amendments to the United States Constitution. The trial court ruled in State Farm's favor, and in this appeal appellant makes the same arguments advanced in the trial court. We find no merit to these contentions and affirm.

## DISCUSSION

### I.  The Alleged Ambiguity

Appellant contends the policy is ambiguous because the policy owner has to refer back to the definitions in order to ascertain the meaning of the word "insured" in Exclusion 1(h). She further argues that because the phrase "To Others" appears in the heading of Coverage M but not in the heading of Coverage L, this makes the uninitiated insured feel comfortable that the insured and family members will be covered. We do not agree.

"The provisions of an insurance policy are not read in isolation, but rather, must be read as a whole. Ambiguity is not established from the fact that definitions appear in different locations." *Outdoor World v. Continental Cas. Co.,* 122 Ariz. 292, 294, 594 P.2d 546, 548 (1979). The language of the exclusion is clear and unambiguous in its reference to the appropriate sections, and when the policy is read as a whole, its language is equally unambiguous.

## II. Public Policy

■ Appellant contends the policy exclusion violates the public policy of the state to protect and prevent injuries to children. Assuming, arguendo, that this particular action for negligence filed against the parents is maintainable against them in the State of Arizona, appellant has not cited to us nor are we aware of any statute or case law which requires the citizens of this state to carry insurance covering persons injured in a non-automobile negligence case. The parties were free here to make their own contractual arrangements. See *Arceneaux v. State Farm Mut. Auto. Ins. Co.*, 113 Ariz. 216, 550 P.2d 87 (1976).

## III. Reasonable Expectation

■ The doctrine of reasonable expectation set forth in *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984), is not raised by simply putting the insured on the witness stand and asking him or her: "Did you reasonably expect that you would be covered?" Applicability of the doctrine requires more than the fervent hope that is usually engendered by loss, and the expectations to be realized must be those that have been induced by the making of a promise. *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., supra; Van Sickle v. Farmer's Ins. Co. of Arizona*, 153 Ariz. 533, 738 P.2d 1140 (App.1987). There was no evidence that the insurance company had reason to believe that the Powers would not have accepted the insurance policy if they had known of the exclusion. See Restatement (Second) of Contracts § 211 (1979).[1] The doctrine of reasonable expectation is not applicable here.

## IV. Denial of Equal Protection

■ Appellant argues that the exclusion denies equal protection and is discriminatory because if she were not a resident of the same household she would have been able to recover under the policy. This argument is totally devoid of any merit. First of all, this was a contractual agreement by the parties and they are free to contract to whatever terms they wish as long as it does not violate any public policy. Second, the fifth amendment to the United States Constitution deals with due process and not with equal protection. The equal protection clause of the fourteenth amendment of the United States Constitution relates to state action and does not apply to private conduct. *Niedner v. Salt River Project Agr. Improvement and Power Dist.*, 121 Ariz. 331, 590 P.2d 447 (1979). Third, the equal protection granted by article 2, § 13 of the Arizona Constitution by its very terms also applies only to state action and not to private conduct.[2] See *Aspell v. American Contract Bridge League of Memphis, Tennessee*, 122 Ariz. 399, 595 P.2d 191 (App.1979).

Affirmed.

ROLL, P.J., and HATHAWAY, J., concur.

---

1. In fact, after the Powers were aware of State Farm's contention regarding the policy exclusion they nevertheless continued their policy and paid premiums on it.

2. Article 2, § 13 provides: *"No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."* (Emphasis added.)