828 P.2d 1254

**Bao DO, Rose Do & Tim Bach Nguyen, Minors by their next best friend S. Jeffrey MINKER, Plaintiffs/Appellees,**

v.

**FARMERS INSURANCE COMPANY OF ARIZONA, Defendant/Appellant.**

No. 2 CA–CV 91–0083.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 19, 1991.

Review Denied May 4, 1992.*

---

* Moeller, V.C.J., and Corcoran, J., of the Supreme Court, voted to grant review.

**114**

Addis & Sherman, P.C. by David R. Sherman, Tucson, for plaintiffs/appellees.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

### FACTS

On March 23, 1989, Farmers issued an automobile insurance policy which insured Bai Quy Do and his relatives against the risk of loss from injury. This policy provides liability insurance in the amount of $50,000 per person, and $100,000 per accident. The policy includes the relatives of the insured as "covered persons." The policy also contains a "household exclusion" which provides that coverage does not apply when any family member of an insured residing in the same household is injured.

On April 1, 1989, while Bai Quy Do was driving the insured vehicle, he had a single car accident. His minor children, Bao Do, Rose Do and Tim Bach Nguyen, all residents of his household, were passengers in the vehicle. The children suffered physical injury, permanent disability, disfigurement and impairment.

For these injuries, Bai Quy Do seeks to recover on the policy up to the limits of its liability coverage. Farmers maintains that the policy's household exclusion limits the coverage to the $15,000 required by law.

### PROCEDURAL HISTORY

The Do children brought an action against Farmers seeking declaratory judgment regarding the enforceability of the household exclusion in this case. Both sides filed cross-motions for summary judgment on this issue.

The trial court held that the household exclusion is not enforceable and that the policy issued by Farmers provides coverage of $50,000 per person and $100,000 per accident. The court based its decision on the finding that the insured believed the coverage he was buying would entitle his family members to full coverage and that this belief was not unreasonable.

Farmers now appeals from the granting of summary judgment and raises a single issue on appeal: Did the trial court err in granting summary judgment precluding enforcement of the household exclusion provision?

## STANDARD OF REVIEW

■ For the trial court to grant summary judgment, there must be no material facts in dispute and the moving party must be entitled to judgment as a matter of law. *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980); *Auto-Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988). Summary judgment is appropriate where "the claim or defense ha[s] so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

■ The standard of review for summary judgment is as follows. Questions of law are reviewed de novo. *Aldabbagh v. Department of Liquor Licenses*, 162 Ariz. 415, 783 P.2d 1207 (1989); *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966). This court views the evidence in the light most favorable to the party opposing the motion, and all favorable inferences fairly arising from the evidence must be given to the opposing party. *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 799 P.2d 810 (1990).

## I.

■ The doctrine of reasonable expectations has been developed in a line of Arizona cases dealing with insurance policy agreements. See *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984); *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 650 P.2d 441 (1982); *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, cert. denied 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). Under this doctrine, an insurer must provide coverage up to the policy limits per person stated in an automobile liability policy, even when the injured person making the claim is a resident of the household of the insured and notwithstanding a household exclusion in the policy, where not doing so violates the reasonable expectation of the insured that family members are fully covered. *State Farm Mut. Auto. Ins. Co. v. Dimmer*, 160 Ariz. 453, 773 P.2d 1012 (App.1989).

In *Darner*, the supreme court held that it would not enforce even unambiguous provisions in standardized insurance contracts which are either contrary to oral representations which had been made with regard to coverage, or which eliminate the dominant purpose of the transaction. 140 Ariz. at 391–92, 682 P.2d at 396–97. The *Darner* court recognized that an insurance agreement can be separated into the main "dickered deal" and a collateral agreement containing boilerplate provisions. *Id.* at 390, 395, 682 P.2d 388, citing Restatement (Second) of Contracts § 211(3) (1981). Such boilerplate provisions are usually not the result of direct negotiations and may even be unknown to the consumer. Adhering to the principle of basic fairness, the court determined that an insurance company should not take advantage of the average consumer by appearing to promise certain coverage, and then eviscerating that coverage with buried fine print. *Id.*

The court in *Darner* adopted § 211 of the Restatement as the test to determine whether standardized terms are within the reasonable expectations of the parties and therefore enforceable. Section 211 provides that:

> Where the other party has *reason to believe* that the party manifesting ... assent would not do so if he knew that the writing contained a particular term, the term is not a part of the agreement.

Restatement (Second) of Contracts § 211(3) (1981). (Emphasis added) The test as applied to an insurance agreement focuses on whether the insurance carrier has reason to believe that the insured would not have assented to the terms of the policy as a

whole if the insured had known that it contained the clause being contested. The reasonable expectation doctrine then precludes enforcement of the standardized clause. *Darner*, 140 Ariz. at 391–2, 682 P.2d at 396–97, citing § 211(3), comment (f). In *Gordinier v. Aetna Casualty & Surety Co.*, 154 Ariz. 266, 742 P.2d 277 (1987), the supreme court delineated four situations in which the doctrine of reasonable expectations will be applied. One of these is "[w]here the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage." 154 Ariz. at 273, 742 P.2d at 284. (citations omitted)

Under *Darner*, relevant evidence regarding the expectations of the parties includes more than explicit representations by the agent. The supreme court has made it clear that *all* circumstances should be taken into account in determining the parties' understanding, including the assertions and conduct of both insurer and insured. 140 Ariz. at 393, 682 P.2d at 698. The court will consider "[e]vidence on surrounding circumstances, including negotiation, prior understandings, subsequent conduct, and the like...." *Id.*

While the facts of *Darner* did involve express misrepresentations by the insurer, the court found in *State Farm Mut. Auto. Ins. Co. v. Bogart*, 149 Ariz. 145, 717 P.2d 449 (1986), that the doctrine applied even in the absence of any misrepresentations. The supreme court acknowledged that *Bogart* was distinguishable from *Darner* in this regard, stating:

> In our view, however, the distinction does not affect the result. It is true that an oral representation contrary to the words in the written instrument may qualify as either a fraudulent or negligent misrepresentation, but *Darner* does not by its terms limit itself to misrepresentation actions. We decline the invitation to so limit the decision.

149 Ariz. at 151, 717 P.2d at 455. See also *State Farm Mut. Auto. Ins. Co. v. Dimmer*, supra.

Finally, appellant's brief erroneously frames the issue to suggest that a ruling in favor of the appellees here would constitute repudiation of *Arceneaux v. State Farm Mut. Auto. Ins. Co.*, 113 Ariz. 216, 550 P.2d 87 (1976). In *Arceneaux*, the supreme court addressed the public policy issue of voiding all household exclusions. The court held that such exclusions are not per se void, but are invalid to the extent that they conflict with the minimum policy coverage mandated by the Uniform Motor Vehicle Safety Responsibility Act, A.R.S. §§ 28–1101, et seq. 113 Ariz. at 218, 550 P.2d at 89; A.R.S. § 28–1170(G). Appellant would have us go beyond the actual holding in *Arceneaux* to infer that the court also meant that household exclusions are per se valid as applied to coverage over the required $15,000. While the holding in *Arceneaux* may merit revisitation, appellant poses a false dilemma here. It is more accurate to state that *Arceneaux* does not speak to the enforceability of the household exclusion aside from the need to satisfy the statutory minimum. *Arceneaux* leaves open the possibility that a household exclusion may or may not be enforceable beyond the statutorily mandated amount depending on the facts of the case, i.e., whether or not enforcement violates the reasonable expectations of the insured. Thus, the trial court correctly invoked the doctrine of reasonable expectations in this case.

## II.

The real question here is whether the trial court had a proper factual basis to decide on summary judgment that enforcement of the household exclusion violated the reasonable expectations of the insured, Bao Quy Do.

Do provided deposition testimony that when he purchased the policy from Farmers, the agent showed him a summary of coverage as $50,000 per person and $100,000 per accident. Do testified that he clearly told the agent that he was buying the policy for his family and that his main purpose was to make sure that, if anything happened, the family was covered. Do

vowed that he specifically asked how much he would recover if his family were hurt and was told that recovery was $50,000/$100,000. Do testified that it was his understanding at the time of purchase that his children were covered under the terms of the declarations page.

According to Do, the agent never said anything about exceptions or exclusions to the coverage listed on the declarations page, including the household exclusion at issue. Do testified that he was not aware of the household exclusion and that if he had been aware of such an exclusion, he would not have bought the policy. Do also testified that the agent did not show him the actual policy at the time of purchase or ask him to read it, although he did receive it by mail sometime later. Nothing on the declarations page of the policy mentions an exception or exclusion.

The deposition testimony given by the Farmers agent does not contradict Do's assertions of fact. The agent stated that he did not recall much of his negotiation with Do except that it conformed to his usual sales pitch. The agent's general recollection was consistent with Do's that no exclusions were identified, and the declarations page was presented as the extent of coverage. Most important, the agent did not contradict Do's assertion that Do communicated to the agent that his specific concern in purchasing the policy was full coverage for all family members.

The uncontested facts of this case clearly establish Do's expectations as communicated to the agent at time of purchase. Enforcement of the household exclusion just as clearly eviscerates the coverage Do expected. Further, Do's expectations were not unreasonable, given the agent's complete silence regarding the exclusion. This is true despite the fact that Do could have discovered the exclusion by reading the policy fine print. The *Bogart* court found that any boilerplate which eviscerates the coverage on the declarations page must be called to the insured's attention, because it is improbable that a buyer will read or understand all the fine print after purchase. 149 Ariz. at 153, 717 P.2d at 457.

This case fits squarely into the situation delineated in *Gordinier:* "... [T]he insured did not receive full and adequate notice of the term in question, and the provision ... emasculates apparent coverage." 154 Ariz. at 273, 742 P.2d at 284. (Citations omitted).

The trial court correctly granted summary judgment that the household exclusion is unenforceable against appellees because enforcement violates the reasonable expectations of the insured. We therefore affirm. Appellees are awarded their costs and attorney's fees on appeal as requested pursuant to A.R.S. § 12–341.01 upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

LIVERMORE, C.J., and FERNANDEZ, J., concur.