# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAY MORGAN, a minor child, by
and through his special
conservator, James Clark; JAMES
CLARK, on behalf of himself and
on behalf of all surviving statutory
beneficiaries of Geri Morgan,
deceased; H GRADY JONES; GERI
MORGAN; GERI MORGAN,
            *Plaintiffs-Appellees,*

            v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, a foreign
corporation,
            *Defendant-Appellant.*

No. 07-16278

D.C. No.
CV-06-01136-JAT

ORDER

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
February 11, 2009—San Francisco, California

Filed April 22, 2009

---

CERTIFICATION OF QUESTION OF STATE LAW

---

Before: Ronald M. Gould, Jay S. Bybee, and
Timothy M. Tymkovich,* Circuit Judges.

Order;
Dissent by Judge Bybee

---

## ORDER

This diversity case is on appeal from the United States District Court for the District of Arizona. The certified question involves the interpretation and application of Arizona's doctrine of reasonable expectations to insurance contracts.

Plaintiff Jay Morgan (Morgan) was a passenger in an automobile driven by his father, John Morgan, when John Morgan caused a severe car accident. Morgan's mother, Geri Morgan, was also a passenger and was killed in the accident. Morgan's father was seriously injured and suffered permanent brain damage.

Morgan filed a claim with American Family Mutual Insurance Company under an umbrella personal liability insurance policy, seeking reimbursement for damages stemming from the wrongful death of his mother. American Family denied the claim pursuant to the Policy's "intra-insured suits" exclusion, which bars recovery against family members for their negligence. Morgan filed suit, seeking a declaration that the intra-insured suits exclusion is invalid under Arizona law. Morgan asserted that insurance policies must be construed to further the reasonable expectations of the policyholder, and no reasonable policyholder would believe that family members are excluded from liability for their negligence.

---

*The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

The district court granted summary judgment in favor of Morgan, though neither party presented evidence regarding John Morgan's expectations in acquiring the Policy. American Family now appeals.

Because the disposition of this appeal turns on an important and unsettled question of Arizona law, we submit this request to the Arizona Supreme Court to exercise its discretion to accept the following certified question in accordance with Arizona Supreme Court Rule 27 and Section 12-1861 of the Arizona Revised Statutes:

> Can Arizona's doctrine of reasonable expectations operate to void a named-insured exclusion in an insurance policy (1) without evidence of the circumstances surrounding the acquisition and issuance of the policy, and (2) where the exclusion is contained among typical exclusions in the policy?

## I.  Background

The facts of this case are undisputed. Morgan's parents, John and Geri Morgan, purchased the Policy from American Family and are listed as "named insureds" on the declarations page. In the Policy, American Family agreed to "pay, up to **our limit**, compensatory damages for which an **insured** becomes legally liable for **injury** caused by an **occurrence** covered by this policy." The declarations page states that the limit of liability under the Policy is one million dollars for "each occurrence." Including the declarations page, the boilerplate "Insuring Agreement," two endorsements, and a "notice of information practices," the Policy is eleven pages long. The "Insuring Agreement" contains twenty-five alphabetically ordered exclusions; the intra-insured suits exclusion is number ten.

While the Policy was in effect, John Morgan negligently caused a severe automobile accident. Morgan was a passenger

in the automobile, along with Geri Morgan and John and Geri's nephew, Garth Jones. Geri Morgan died as a result of the accident. John Morgan suffered physical and mental injuries, including brain damage, stroke, and paralysis. Morgan and Garth Jones were also injured.

Morgan, on behalf of himself and Geri Morgan's wrongful death beneficiaries, presented a claim to American Family for the wrongful death of Geri Morgan. American Family denied the claim, asserting the Policy's intra-insured suits exclusion applied. The intra-insured suits exclusion states:

> **We** will not cover **personal injury** to the **named insured** or anyone within the meaning of part a or b of the definition of **insured**.

Because Morgan's claim is based on the wrongful death of Geri Morgan, it is derivative of the injuries suffered by a "named insured" and falls within the language of the intra-insured suits exclusion.

After American Family denied his claim, Morgan filed a complaint in Arizona Superior Court. The complaint sought judgment declaring the Policy's intra-insured suits exclusion to be unenforceable under Arizona's reasonable expectations doctrine. American Family removed to the United States District Court for the District of Arizona, invoking federal diversity jurisdiction.

The parties subsequently filed cross-motions for summary judgment. After hearing oral argument on the cross-motions, the district court issued an order granting summary judgment in favor of Morgan. The order applied Arizona's reasonable expectations doctrine to invalidate the Policy's intra-insured suits exclusion, even though Morgan was unable to present testimony from his injured parents regarding their reasonable expectations of the Policy's coverage because Geri Morgan was deceased and John Morgan suffered severe cognitive def-

icits as a result of the accident. Due to the lack of testimonial evidence, the district court relied on the form and content of the policy alone as the factual basis for judgment in Morgan's favor. The court relied on *State Farm Mutual Automobile Insurance Co. v. Falness*, 39 F.3d 966 (9th Cir. 1994), to reach its conclusion.

## II.    Analysis

We have applied the Arizona reasonable expectations doctrine to invalidate a named-insured exclusion in similar circumstances to this case. *Falness*, 39 F.3d at 967-68. In *Falness*, the named insureds under the policy, John and Anna Hugg, were killed in an automobile collision, and Anna Hugg's estate sought to collect under the policy's liability provisions. *Id*. at 966. State Farm refused to pay the claim, citing the named-insured exclusion, which stated, "[t]here is no coverage . . . for any bodily injury to: . . . you." *Id*. at 967. "You" was defined in the policy as "the named insured or named insureds." *Id*.

Prior to issuing our decision in *Falness*, we certified two questions to the Arizona Supreme Court: (1) whether the named-insured exclusion was facially invalid under *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co.*, 682 P.2d 388 (Ariz. 1984), and (2) whether the doctrine of reasonable expectations applied to the named-insured exclusion. *See Falness*, 39 F.3d at 967; *State Farm Mut. Auto Ins. Co. v. Falness* (*Falness II*), 872 P.2d 1233, 1234 (Ariz. 1994). The Arizona Supreme Court answered that the named-insured exclusion was not facially invalid under *Darner*, but could be ruled invalid "under appropriate circumstances." *Falness II*, 872 P.2d at 1234. The court then stated, "[a]n analysis of the format and clarity of the policy, *as well as the circumstances surrounding its acquisition and issuance*, is required to determine whether the exclusion falls outside the reasonable expectations of the insureds." *Id*. (emphasis added).

Because the Huggs were deceased, we could not "make the specific factual inquiry suggested by the Arizona Supreme Court." *Falness*, 39 F.3d at 968. However, we found there was "no meaningful distinction" between the named-insured exclusion at issue and a household exclusion invalidated by the Arizona Court of Appeals in *State Farm Mutual Automobile Insurance Co. v. Dimmer*, 773 P.2d 1012 (Ariz. Ct. App. 1988). *Falness*, 39 F.3d at 968. Indeed, as we noted, "[t]he Dimmers had purchased substantially the same form of policy from State Farm as the Huggs did." *Id.* at 967. We therefore adopted the reasoning of *Dimmer* and invalidated the State Farm named-insured exclusion. *Id.* at 968.

Here, we cannot analyze "the circumstances surrounding [the Policy's] acquisition and issuance" because the policyholders cannot provide testimony. *See Falness II*, 872 P.2d at 1234. We also do not have the benefit of a decision by an Arizona court construing "substantially the same form of policy," as we did in *Falness*. *See* 39 F.3d at 968.

Furthermore, various cases from the Arizona Supreme Court and Arizona Court of Appeals suggest the reasonable expectations doctrine does not apply unless there is some evidence that the insurance company had reason to believe the insureds expected coverage. *See Darner*, 682 P.2d at 396-97 (the doctrine of reasonable expectations applies when "the [insurer] *has reason to believe* that the [insured] would not have accepted the agreement if he had known that the agreement contained the particular term" (quoting Restatement (Second) of Contracts § 211 cmt. f (1981) (emphasis added))); *see also Phila. Indem. Ins. Co. v. Barerra*, 21 P.3d 395, 404 (Ariz. 2001) (an insured reasonably believed he would be covered by an insurance policy when driving under the influence in part because the car rental company who sold the insurance rented him a car knowing he had been in a DUI-related accident two weeks before); *Averett v. Farmers Ins. Co. of Ariz.*, 869 P.2d 505, 508 (Ariz. 1994) (the insured was particularly concerned about coverage for his family because

his wife had health problems, and the insurance agent allegedly knew of these health problems); *Do v. Farmers Ins. Co. of Ariz.*, 828 P.2d 1254, 1257-58 (Ariz. Ct. App. 1991) (the insured's expectations that his children were covered under a policy were "not unreasonable" because an insurance agent told the insured his family would be covered up to the policy's limits); *State Farm Fire & Cas. Co. v. Powers*, 786 P.2d 1064, 1067 (Ariz. Ct. App. 1989) (though the insured testified she thought she was covered, "[t]here was no evidence that the insurance company had reason to believe that [the insureds] would not have accepted the insurance policy if they had known of the exclusion"); *cf. Shade v. U.S. Fid. & Guar. Co.*, 801 P.2d 441, 443 (Ariz. Ct. App. 1990) ("The record is devoid of any evidence supporting the [plaintiffs'] theory of reasonable expectation.").

Because the Arizona Supreme Court has held that named-insured exclusions are not "facially invalid," *Falness II*, 872 P.2d at 1234, we are reluctant to apply the reasonable expectations doctrine in this case without any evidence allowing us "to determine whether, and to what extent, there was a meeting of the minds between the contracting parties" with regard to the intra-insured suits exclusion at issue. *Id.* (quoting *Averett*, 869 P.2d at 508). To do so would in effect adopt a per se rule against the exclusion, a position the Arizona courts have declined to adopt. *See Averett*, 869 P.2d at 507.

As a second matter, the Arizona Supreme Court advises us to consider the "format and clarity" of insurance policies in considering the doctrine of reasonable expectations. But the intra-insured exclusion in the Morgans' Policy is not exceedingly complex or submerged in legalese beyond the ability of an ordinary consumer, and there is no basis here to conclude that it was more complex or unclear than any other exclusion in the Policy. *See* Restatement (Second) of Contracts, § 211 cmt. f (doctrine of reasonable expectations applies to terms that are "bizarre and oppressive" or undermine the dominant purpose of the contract). And *State Farm Fire & Insurance*

*Co. v. Grabowski*, 150 P.3d 275, 282 (Ariz. App. 2007), indicates that Arizona's intermediate court understands this inquiry might be a fact question for the jury in the absence of evidence that the insurance company had reason to believe the policyholder would not have agreed to the exclusion. Perhaps this inquiry is a question of law for the court absent evidence as to the parties' expectations or beliefs, *see Falness*, 39 F.3d at 968, but precedent from Arizona courts is not explicit on this point.

In sum, given that the Policy differs from those considered in the Arizona cases cited above, we would benefit from guidance as to how insurance policies should be evaluated under Arizona law, where:

(1)   no evidence exists regarding the policyholder's expectations or the insurance company's beliefs, and

(2)   the language and placement of the named-insured exclusion among other policy exclusions does not suggest a reasonable policyholder would have declined the policy.

### III.   Certification of the Question to the Arizona Supreme Court

This court therefore concludes that certification of the question presented will further the interests of comity and federalism by giving the Arizona Supreme Court the opportunity to answer the question presented in the first instance, should it elect to do so. This court recognizes the discretion of the Arizona Supreme Court to reformulate the question posed herein. *See Torres v. Goodyear Tire & Rubber Co.*, 786 P.2d 939, 941 n.1 (Ariz. 1990).

In compliance with Arizona Supreme Court Rule 27(a)(3)(C), the court provides the following information regarding the names and addresses of counsel of record:

On behalf of American Family Mutual Insurance Company:

> Lynn M. Allen
> Allen & Lewis, PLC
> 4835 E. Cactus Road, Suite 340
> Scottsdale, Arizona 85254
> (602) 443-0402

On behalf of Jay Morgan:

> Ronald Ozer and Herbert L. Ely
> Ely, Bettini, Ulman & Rosenblatt
> 3200 N. Central Avenue, Suite 1930
> Phoenix, Arizona 85012
> (602) 230-2144

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Ninth Circuit's official seal, the original and six copies of this certification order to the Arizona Supreme Court.

This appeal is ordered ABATED pending resolution of the certified question.

---

> Judge Gould, Presiding Circuit Judge
> United States Court of Appeals for the
> Ninth Circuit

---

BYBEE, Circuit Judge, dissenting:

Fifteen years ago we certified a nearly identical question to the Arizona Supreme Court. *See State Farm Mut. Auto. Ins.*

*Co. v. Falness*, 39 F.3d 966, 967 (9th Cir. 1994). We received an answer and we then issued an opinion in *Falness*. *Id.*; *State Farm Mut. Auto. Ins. Co. v. Falness*, 872 P.2d 1233, 1234 (Ariz. 1994). *Falness* is not in question in Arizona courts. Indeed, the Arizona Supreme Court has cited our *Falness* decision with approval. *See Philadelphia Indem. Ins. Co. v. Barerra*, 21 P.3d 395, 404 (Ariz. 2001) (en banc).

Here, the majority has certified nearly the same question again to the Arizona Supreme Court. There really isn't much doubt how this case must be resolved after *Falness*. Rather, we are certifying because we doubt the wisdom of Arizona's application of its rule. In effect, we are inviting Arizona to revisit the reasonable expectations doctrine as applied to the named insured exclusion. I have my own doubts about the wisdom of the rule and its operation in Arizona, but I still don't think there is any lack of "controlling precedent in the decisions of the [Arizona S]upreme [C]ourt and intermediate appellate courts" to justify our order. *See* ARIZ. REV. STAT. § 12-1861. I respectfully dissent.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO
───────────────

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.