**Jay MORGAN, a minor child, by and through his special conservator, James CLARK; James Clark, on behalf of himself and on behalf of all surviving statutory beneficiaries of Geri Morgan, deceased; H. Grady Jones; Geri Morgan; Geri Morgan, Plaintiffs–Appellees,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign corporation, Defendant–Appellant.**

No. 07–16278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2009.

Filed June 18, 2009.

L. Ely, Ronald Ozer, Ely Bettini Ulman & Rosenblatt, Phoenix, AZ, for Plaintiffs–Appellees.

Lynn Allen, Michele Lee Forney, Allen & Lewis PLC, Scottsdale, AZ, for Defendant–Appellant.

Before: GOULD and BYBEE, Circuit Judges, and TYMKOVICH,* Circuit Judge.

---

* The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

## MEMORANDUM **

The parties are familiar with the facts of this case, and we do not repeat them here. Plaintiff Jay Morgan (Morgan) brought this action against defendant American Family Mutual Insurance Company (American Family) seeking a declaration that the named-insured exclusion in an umbrella liability insurance policy (the Policy) is invalid. The exclusion denies recovery for injuries to parties insured under the Policy. The district court, following our decision in *State Farm Mutual Automobile Insurance Co. v. Falness*, 39 F.3d 966, 968 (9th Cir.1994), found that the exclusion runs afoul of Arizona's doctrine of reasonable expectations, and American Family now appeals. We affirm.

Although named-insured exclusions are not facially invalid under Arizona law, they may be ruled invalid if "the exclusion falls outside the reasonable expectations of the insureds." *State Farm Mut. Auto. Ins. Co. v. Falness*, 178 Ariz. 281, 872 P.2d 1233, 1234 (1994). Applying Arizona's doctrine of reasonable expectations, we have held that a nearly identical named-insured provision was invalid under substantially similar circumstances. *See State Farm Mut. Auto. Ins. Co. v. Falness*, 39 F.3d 966, 968 (9th Cir.1994). Here, as was the case in *Falness*, Morgan's parents could not offer evidence of their expectations when they signed the Policy because they are deceased or incapacitated.

Thus, the court especially looks to "the form and clarity of the policy based on what a reasonable person purchasing the policy would understand and expect." *Id.* For example, where, as is the case here, one section would lead a reasonably intelligent person to conclude that he is covered under the policy, but another section inconspicuously eviscerates that coverage,

the section limiting the coverage is invalid. *Id.* Like the policy in *Falness*, the Policy in this case provided in one section that it would pay compensatory damages "for which an insured becomes legally liable for injury" and, less conspicuously in another section, that it does not cover any injury to the named insured. The named-insured exclusion in this case therefore suffers from the same infirmities as the exclusion in *Falness*. Because this case is not meaningfully distinguishable from *Falness*, the named-insured exclusion in the Policy is invalid.

**AFFIRMED.**

TYMKOVICH, Circuit Judge, dissenting:

Arizona law places important limitations on the reasonable expectations doctrine that apply in this case. Most importantly, the reasonable expectations doctrine does not operate as a per se bar against named-insured exclusions. *State Farm Mut. Auto. Ins. Co. v. Falness (Falness I )*, 178 Ariz. 281, 872 P.2d 1233, 1234 (Ariz.1994) (holding that a named-insured exclusion "is not invalid on its face"). But a rigid application of this circuit's follow up decision in *State Farm Mut. Auto. Ins. Co. v. Falness (Falness II )*, 39 F.3d 966, 968 (9th Cir. 1994), will lead to just such a per se rule.

As is clear from the case law, Arizona courts disavow a categorical application of the reasonable expectations doctrine. They instead examine evidence of (1) the policyholder's intent in acquiring an insurance policy and (2) the insurance company's belief about the policyholder's reasonable expectations. *See, e.g., Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 682 P.2d 388, 396–97 (1984) (holding that the doctrine of reason-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

able expectations applies when "the [insurer] has *reason to believe* that the [insured] would not have accepted the agreement if he had known that the agreement contained the particular term" (quoting Restatement (Second) of Contracts § 211 cmt. f (1981) (emphasis added))).[1]

The only Arizona case (other than *Falness II*) that appears to rely solely on the language of an insurance policy to invalidate a policy exclusion is *State Farm Mutual Automobile Insurance Co. v. Dimmer*, 160 Ariz. 453, 773 P.2d 1012 (1988). That case is not persuasive here. Although we have noted *Dimmer* relied primarily on an examination of the "form and clarity of the policy," *see Falness II*, 39 F.3d 966, 968 (9th Cir.1994), the resolution of the case turned on at least some evidence that the policyholder expected coverage—the policyholder testified and submitted an affidavit to that effect. *Dimmer*, 773 P.2d at 1014–15.

Furthermore, because our decision in *Falness II* relied almost exclusively on *Dimmer*, *Falness II* is likewise unpersuasive where, as here, a different policy is at issue and the record contains no evidence of the insureds' reasonable expectations. In *Falness II*, we invalidated a named-insured exclusion that was "basically the same" as the exclusion in *Dimmer*. *Falness II*, 39 F.3d at 968. Indeed, we noted that "[t]he portion of the exclusion quoted in *Dimmer* is identical to the same portion of the exclusion in the Huggs' policy." *Id.* at 967 n. 1. We also noted that an average consumer would have trouble understanding the named-insured exclusion at issue, and "[e]ven a law degree" might not have enabled the average insured to understand the exclusion. *Id.* at 968 n. 2.

In my view, the intra-insured suits exclusion at issue in this case is distinguishable from the exclusions in *Dimmer* and *Falness II*. The basis of the Arizona doctrine of reasonable expectations is Restatement (Second) of Contracts, § 211. Section 211 allows courts to infer a consumer lacked a reasonable expectation of a contract term if the term is (1) "bizarre or oppressive," (2) "eviscerates the non-standard terms explicitly agreed to," or (3) "eliminates the dominant purpose of the transaction." Restatement (Second) of Contracts, § 211 cmt. f; *see also Darner*, 682 P.2d at 397 (adopting section 211 and comment f as the law of Arizona). None is true here. Intra-insured exclusions are standard in modern liability insurance policies and further the goal of preventing collusive suits among family members.

1. *See also Phila. Indem. Ins. Co. v. Barerra*, 200 Ariz. 9, 21 P.3d 395, 404 (2001) (finding that an insured reasonably believed he would be covered by an insurance policy when driving under the influence in part because the car rental company who sold him the insurance knew he had been in a DUI–related accident two weeks before); *Averett v. Farmers Ins. Co. of Ariz.*, 177 Ariz. 531, 869 P.2d 505, 508 (1994) (concluding summary judgment for the insurance company was unwarranted because the insured testified he was particularly concerned about coverage for his family due to his wife's health problems, and the insurance agent allegedly knew of these health problems); *Do v. Farmers Ins. Co. of Ariz.*, 171 Ariz. 113, 828 P.2d 1254, 1257–58 (1991) (finding the insured's expectations that his children were covered under a policy were "not unreasonable" because an insurance agent told the insured his family would be covered up to the policy's limits); *State Farm Fire & Cas. Co. v. Powers*, 163 Ariz. 213, 786 P.2d 1064, 1067 (1989) (explaining that though the insured testified at trial she thought she and her family were covered under an insurance policy, "[t]here was no evidence that the insurance company had reason to believe that [the insureds] would not have accepted the insurance policy if they had known of the exclusion"); *cf. Shade v. U.S. Fid. & Guar. Co.*, 166 Ariz. 206, 801 P.2d 441, 443 (1990) ("The record is devoid of any evidence supporting the [plaintiff's] theory of reasonable expectation.").

*See* 2–9 Holmes' Appleman On Insurance § 9.3 (2d ed. 2009) ("The ability of family members to sue each other and collect insurance proceeds presents significant opportunities for fraudulent and collusive suits.").

The exclusion here, moreover, is not excessively prolix or confusing, nor is it couched in legalese beyond the understanding of an ordinary consumer. It simply states, "**We** will not cover personal injury to the **named insured.**" In turn, the declarations page of the Policy states that Geri Morgan is a "named insured." It is reasonable to assume she would have understood the intra-insured exclusion applied to her if she had read the Policy and "checked on her rights." *See Gordinier v. Aetna Cas. & Sur. Co.,* 154 Ariz. 266, 742 P.2d 277, 284 (1987). Furthermore, the exclusion's location within the Policy cannot be characterized as "inconspicuous." *Falness II,* 39 F.3d at 968 (quoting *Dimmer,* 773 P.2d at 1021). It is within a section of the Policy boldly entitled "**EXCLUSIONS.**" That section would have placed the Morgans and any reasonable policyholder on notice that the Policy had numerous limits, ranging from intentional damage caused by the insured to the insured's use of an aircraft. Though I agree we are bound by *Falness,* I do not agree it requires us to invalidate the particular named-insured exclusion at issue in this case. To do so erects a per se rule against such insurance exclusions, contrary to Arizona law.

In sum, because there is no evidence the intra-insured suits exclusion supplanted the Morgan's reasonable expectations, we should uphold it for numerous reasons: (1) the exclusion is understandable to a reasonable insured; (2) the exclusion is not unusual in an automobile or umbrella liability policy; (3) the exclusion does not emasculate coverage or undermine the policy's dominate purpose; (4) no evidence suggests the exclusion was misleading to an average policyholder or misled the Morgans in particular; (5) there is no evidence the Morgans lacked notice of the exclusion; and (6) the term was not unfairly hidden within the Policy, but was among other standard exclusions in a section conspicuously marked "Exclusions."

For the above reasons, I respectfully dissent.