NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ANTHONY RICOTTA, *Plaintiff/Appellant*,

*v.*

CHRISTINA M. FORTIN, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0071
FILED 12-30-2021

---

Appeal from the Superior Court in Maricopa County
No. CV2015-094065
The Honorable Tracey Westerhausen, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Harper Law PLC, Gilbert
By Kevin R. Harper
*Counsel for Plaintiff/Appellant*

Fredenberg Beams LLC, Phoenix
By Daniel E. Fredenberg, Christian CM Beams,
Christopher Spencer Skinner
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1        Anthony Ricotta appeals the superior court's pretrial grant of judgment in favor of appellee Dreem Green, Inc. ("Dreem Green") on his breach of contract and declaratory relief claims and the court's denial of his motions for reconsideration and a new trial. For the following reasons, we reverse the court's decision and remand for trial.

## FACTS AND PROCEDURAL HISTORY

¶2        Following voter approval of the Arizona Medical Marijuana Act ("AMMA"), Ricotta began preparing the necessary paperwork and documentation to apply for a license from the Arizona Department of Health Services ("ADHS") to operate a dispensary and cultivation site. Specifically, Ricotta sought to operate within the Community Health Analysis Area of North Mountain ("CHAA #52"). Before Ricotta applied, Christina Fortin[1]—doing business under the tradename Dreem Green— approached Ricotta about acquiring his paperwork.

¶3        The parties could not agree on a purchase price for Ricotta's paperwork and potential rights to CHAA #52, so they entered into an alternative agreement. Under the agreement, Ricotta would allow use of its application materials in exchange for a reservation of the right to sell certain products within Dreem Green's operation, should Dreem Green acquire a license and operate a dispensary in CHAA #52. Dreem Green then received and used Ricotta's materials to apply and enter the public lottery for licensure. Dreem Green successfully acquired a license for CHAA #52 and opened a dispensary and cultivation site in 2015. However, Dreem Green refused to honor the parties' agreement.

¶4        Ricotta sued, contending Dreem Green had breached the parties' contract and additionally asserting claims for declaratory

---

[1]        While Fortin was a defendant in the underlying matter, she is not a party to this appeal in her individual capacity.

judgment, unjust enrichment, and accounting. Both parties moved for summary judgment. The court denied both parties' motions concerning the breach of contract and unjust enrichment claims but found a valid contract with offer, acceptance, and consideration.

¶5            At a subsequent hearing, the court expressed it could not, given our decision in *State v. Jones*, 245 Ariz. 46 (App. 2018), determine as a matter of law whether the contract was "unenforceable because of illegality or impracticability of performance." The case was stayed pending the Arizona Supreme Court's review of our *State v. Jones* decision, which addressed the legality of certain marijuana-based products under AMMA's definitions. *State v. Jones*, 246 Ariz. 452 (2019). After the supreme court vacated our opinion and determined that AMMA's definition of marijuana includes both its dried-leaf/flower form and resin extracts, *id.* at 454, 457, ¶¶ 1, 19, Ricotta and Dreem Green proceeded with litigation.

¶6            After the stay was dissolved, the case was reassigned, and a pretrial conference was held, where the superior court asked for briefing on the issues of enforceability and unjust enrichment. After reviewing the parties' briefing and prior motions for summary judgment, the court dismissed Ricotta's breach of contract claim and declaratory relief claim, finding that the contract was unenforceable as a matter of law.[2] Ricotta unsuccessfully moved for new trial and for reconsideration. Ricotta timely appealed, and we have jurisdiction pursuant Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), -1201(A)(1), and -1201(5)(a).

**DISCUSSION**

¶7            The parties agree the effect of the court's order was to grant Dreem Green summary judgment on the breach of contract and declaratory relief claims. We review the grant of summary judgment de novo, determining whether any genuine disputes of material fact exist and whether the moving party is entitled to judgment as a matter of law. *See United Dairymen of Ariz. v. Schugg*, 212 Ariz. 133, 140, ¶ 26 (App. 2006); Ariz. R. Civ. P. 56(a). We are not bound by the superior court's determinations as to matters of law, *Landi v. Arkules*, 172 Ariz. 126, 130 (App. 1992), and we review questions of law de novo, *Do by Minker v. Farmers Ins. Co. of Ariz.*,

---

[2]         The court also dismissed Ricotta's claims for unjust enrichment and accounting. However, dismissal of these claims is not challenged on appeal. Thus, appellate relief as to these claims has been waived and we do not address them. *See Sholes v. Fernando*, 228 Ariz. 455, 461, ¶ 18 n.5 (App. 2011); ARCAP 13(a)(7).

171 Ariz. 113, 115 (App. 1991) (citations omitted); *see also Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009) ("[I]nterpretation of a contract is a question of law, which this court reviews de novo."). Further, we view the facts and evidence in the light most favorable to the party against whom summary judgment was entered. *United Dairymen of Ariz.*, 212 Ariz. at 140, ¶ 26.

**¶8** Ricotta argues the court erred by finding the contract between the parties was unenforceable as a matter of law, dismissing his breach of contract and declaratory relief claims, and denying his motion for new trial.

**¶9** The court found that the parties' contract did not contain all material and unambiguous terms necessary for enforceability. Specifically, the court identified that the contract lacked prices for goods and services, and Ricotta was ineligible to receive a Dispensary Agent Registration Identification Card because he was not a resident of Arizona.

**¶10** Beyond the requirements of offer, acceptance, and consideration, a contract must contain sufficiently clear and specific terms "so that the obligations involved can be ascertained" by the parties. *Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.*, 112 Ariz. 392, 394 (1975). The requirement of certainty, however, "is not so much a contractual validator as a factor relevant to determining . . . whether the parties manifested assent or intent to be bound." *Schade v. Diethrich*, 158 Ariz. 1, 9 (1988). "[I]n Arizona, a court will attempt to enforce a contract according to the parties' intent. The primary and ultimate purpose of interpretation is to discover that intent and to make it effective." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152 (1993) (citations omitted). "In order to determine what the parties intended, we first consider the plain meaning of the words in the context of the contract as a whole. Where the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation and a court may not resort thereto." *Grosvenor Holdings, L.C.*, 222 Ariz. at 593, ¶ 9 (citations omitted).

**¶11** Here, we disagree that the agreement lacks sufficiently clear and specific terms so as to render it unenforceable. First and foremost, the parties' intent is unambiguously memorialized within the contract's language itself:

> The primary intent of the parties in entering into this agreement is to allow Dreem Green to retain all rights to operate a Medical Marijuana Dispensary and/or Cultivation site that results from the use of Mr. Ricotta's prior investment,

4

paperwork and documentation; while granting Mr. Ricotta the concession of having the sole and exclusive right to make use of said Dispensary's ability to manufacture, sell or distribute any and all Marijuana-related preparations, including but not limited to Edibles, Infusions, Concentrates, Extracts and any other similar types of products.

¶12        The stated intent of the contract, therefore, is to allocate among the parties the right to sell certain marijuana products should Dreem Green obtain a license to operate a cultivation site and dispensary by use of Ricotta's application materials. More specifically, the contract reserves to Ricotta the exclusive right to manufacture, sell, and distribute prepared "infusion" products, while Dreem Green maintains "the exclusive rights to any raw plants and flowers and the ability to sell all other products but infusibles."

¶13        The court's conclusion that the contract is unenforceable for want of sufficiently definite terms—for example, because it lacks pricing for goods and services—ignores the primary intent and purpose of the contract. The contract does not create any obligation for the parties to exchange goods or services in any amount. Nor can the absence of such terms frustrate or otherwise undermine their agreement because those transactions are not the contract's stated purpose. Instead, per its express language, the contract exists primarily to allocate to each party the exclusive right to sell their respective products at the dispensary location, should the application for a license be successful.

¶14        Dreem Green points to language in the contract discussing the parties' ongoing relationship as indicative of a requirement to exchange goods and services:

> The Dispensary operated by Dreem Green will either come to a negotiated fair-market price for any raw materials made available to Mr. Ricotta for use under the terms of this contract, or if the two parties are unable to agree to such a price, Dreem Green shall allow and facilitate as necessary any arrangements Mr. Ricotta chooses to make regarding the acquisition of materials from other Dispensaries or Cultivation sites.

¶15        Interpreting this provision as establishing a primary requirement to exchange goods and/or services is contrary to the contract's expressly stated intent. Thus, the provision is at most an ancillary—rather

than primary—function of the contract. As such, even if this provision were deficiently unspecific, that deficiency could not operate to frustrate the agreement's primary purpose, and, therefore, does not render the contract unenforceable. Moreover, a fair reading of this provision, in context, reveals that specific pricing is not necessary to enforce this provision because it seeks only to protect Ricotta's right to source raw materials outside of Dreem Green's operations, and not to establish a buyer-seller relationship. *See Grosvenor Holdings, L.C.*, 222 Ariz. at 593, ¶ 9 ("[W]e [] consider the plain meaning of the words in the context of the contract as a whole.").

**¶16**　　　　Dreem Green argues for the first time on appeal that the contract is ambiguous because it does not determine who bears the costs for additional employees, salaries, or bonus compensation. This argument is likewise unavailing to the issue of enforceability because it is at most, again, ancillary to the contract's primary purpose. In any event, the contract does define who bears the costs of operations. The contract states unambiguously that Ricotta will be prorated the cost to operate his infusion facility, which the contract defines as any space "whether contained inside the Cultivation area of the Dispensary or elsewhere that processes and manufactures any products that are . . . intended to be consumed," and lists as examples rent, electricity, utilities, and insurance. The contract further specifies, "*Any costs* not related to operating the Infusion Facility are entirely the responsibility of Dreem Green." (Emphasis added.) Therefore, any cost not related to the processing and manufacturing of infusion-like products as defined by the contract would fall to Dreem Green.

**¶17**　　　　The court's concern for Ricotta's ability to receive a Dispensary Agent Registration Identification Card from ADHS is also nondeterminative. The first term under the obligations section of the contract states that Ricotta or "any person or entity designated by him or any entity that Mr. Ricotta assigns this right to, will be made the Dispensary's Designated Agent" for the purpose of selling processed products such as infusions, edibles, concentrates, and extracts.

**¶18**　　　　Regardless of whether Ricotta chooses personally to obtain a Dispensary Agent Registration Identification Card—which would admittedly require a change in his residency—Ricotta agreed "to adhere to all requirements set forth by the ADHS regarding the establishment and operation of any facility that intends to make use of the aforementioned rights." This would include compliance with Arizona Administrative Code R9-17-103(C) and -310(A)(8), which outline requirements associated with Dispensary Agent Registration Identification Cards. The contract further specifies that Ricotta retains responsibility for "all expenses associated"

with obtaining and maintaining his compliance with ADHS. The court's finding of unenforceability based on Ricotta's residency—rendered as it was prior to trial—is erroneous because performance of the contract does not require unlawful conduct by Ricotta. *See Landi*, 172 Ariz. at 135.

**¶19**        Finally, Dreem Green argues the contract is unenforceable due to Ricotta's lack of performance. Again, Dreem Green points to Ricotta's failure to obtain a Dispensary Agent Registration Identification Card. However, Dreem Green cites to no authority to support its position. To the contrary, Dreem Green's refusal to honor the contract operated to suspend Ricotta's performance. Restatement (Second) of Contracts § 242 cmt. a (1981) (explaining that a non-breaching party's duty to perform is suspended to allow a breaching party to cure). Further, considering Dreem Green's refusal to honor the contract, it is difficult to see why Ricotta would make additional expenditures, thereby failing to mitigate his losses. *See N. Ariz. Gas Serv., Inc. v. Petrolane Transp., Inc.*, 145 Ariz. 467, 477 (App. 1984) ("The party injured by a breach of contract has a duty to take reasonable steps to avoid the consequences of known injuries.").

**¶20**        We conclude as a matter of law that the contract contains sufficiently specific terms to delineate the rights and obligations of each party. Therefore, the court's ruling that the parties' contract was unenforceable as a matter of law was erroneous, and summary judgment was not warranted. As such, we reverse the court's order dismissing Ricotta's complaint as to his claims regarding breach of contract and declaratory judgment and reinstate the same. We further remand the remainder of this matter for trial on Ricotta's breach of contract and declaratory judgment claims, and for such other, further proceedings as may be consistent with this decision. Given this decision, the court's denial of Ricotta's motion for new trial is moot.

**¶21**        Finally, in light of this decision, we vacate the court's award of attorney's fees to Dreem Green. Both parties request an award of costs and attorneys' fees incurred on appeal pursuant to A.R.S. §§ 12-341 and -341.01. In our discretion, we defer to and authorize the superior court to decide the issue of award of attorney's fees incurred in the course of this appeal when the ultimate outcome of the case is determined. *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007) (deferring party's request for attorneys' fees on appeal "to the trial court's discretion pending resolution of the matter on the merits"). However, as the successful party on appeal, we award Ricotta his taxable costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶22** For the foregoing reasons, we reverse the superior court's dismissal of Ricotta's breach of contract and declaratory relief claims, as well as its award of attorney's fees in favor of Dreem Green. We reinstate Ricotta's complaint regarding his claims for breach of contract and declaratory relief. We remand these claims for further proceedings consistent with this decision.

