**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | No. 21-16116 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:19-cv-04954-MTL |
| v. | MEMORANDUM* |
| TRACEE PORTEE MURPHY, | |
| Defendant-counter-claimant-Appellant. | |
| and | |
| CHERELLE MURPHY; et al., | |
| Defendants, | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 7, 2022**
Pasadena, California

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

In this declaratory judgment action, the parties dispute whether a commercial general liability ("CGL") policy's exclusion for injuries arising out of assault and battery is enforceable. Defendant Tracey Portee Murphy's husband was shot and killed at a fish fry sponsored by Soul Brothers motorcycle club, which had purchased a CGL policy issued by Plaintiff Evanston Insurance Company. The district court entered summary judgment for Plaintiff. Reviewing de novo and construing the facts in the light most favorable to the non-moving party, King v. County of Los Angeles, 885 F.3d 548, 556 (9th Cir. 2018), we affirm.

The on-line application that Soul Brothers' business manager filled out contained the following condition, to which the business manager agreed: "I/We confirm that we understand that [six other items] and Assault & Battery are Excluded From This Policy." The policy endorsement entitled **"Exclusion - Assault or Battery"** provided in part that "[t]his insurance does not apply to: **Assault or Battery**."

Defendant argues that Plaintiff cannot rely on that exclusion because it is unenforceable under Arizona's "reasonable expectations" doctrine. In Gordinier v. Aetna Cas. & Sur. Co., 742 P.2d 277 (Ariz. 1987), the Arizona Supreme Court

2

listed four limited situations in which "Arizona courts will not enforce even unambiguous boilerplate terms in standardized insurance contracts." Id. at 283–84.

1.  Are the terms understandable to a reasonably intelligent consumer who might check on his or her rights? Gordinier, 742 P.2d at 283–84. On its face, the exclusion is unambiguous and comprehensible. See Fall v. First Mercury Ins. Co., 225 F. Supp. 3d 842, 847 (D. Ariz. 2016) ("The words 'assault,' 'battery,' and 'arising out of' are commonly used and widely understood. They are not ambiguous.").

2.  Did the insured receive "full and adequate notice of the term in question" and is the provision either "unusual or unexpected," or one that would eviscerate apparent coverage? Gordinier, 742 P.2d at 284. We assume, without deciding, that notice of the exclusion was inadequate due to its wording or placement.

The exclusion is usual, not unusual, in CGL policies. See, e.g., Law & Prac. of Ins. Coverage Litig. § 6:21 (so stating); Damien J. Arguello, Recent Developments in Insurance Coverage, 55 Tort Trial & Ins. Prac. L.J. 373, 377 (2020) (including assault and battery among common exclusions).

In addition, the subjective expectation of the insured does not control; rather, an expectation must be rooted in a promise or assurance by the insurer. Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 682 P.2d 388, 395 (Ariz.

3

1984). There is no genuine issue of material fact because there is no evidence of a promise or assurance by Plaintiff that differs from the exclusion.

Finally, the exclusion does not eviscerate the policy's coverage. The policy at issue applied to large categories of injuries. And unlike the insured in <u>Do by Minker v. Farmers Ins. Co. of Arizona</u>, 828 P.2d 1254, 1258 (Ariz. Ct. App. 1991), the insured in this case did not communicate expressly to the insurer that it expected the policy to cover the excluded item.

3. Did the insurer "create an objective impression of coverage in the mind of a reasonable insured"? <u>Gordinier</u>, 742 P.2d at 284. The $2 million policy limit does not suggest to a reasonable insured that assault and battery would be included where the policy covered a large three-day event in downtown Phoenix. Nor does a website's advertisement of "superior coverage," by the broker through which the insured bought the policy, convey a message about any particular kind of coverage or exclusion.

4. Did the insurer reasonably induce the insured to believe that there was coverage for the exclusion? <u>Id.</u> For the reasons given above in Parts 2 and 3, there is no genuine issue of material fact.

**AFFIRMED.**